E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 06 2014 4:11 PM

KEVIN STOCK
COUNTY CLERK
NO: 14-2-06703-3



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JEFF BUTLER, individually and as the representative of all persons similarly situated; | NO. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; FOR BREACH OF CONTRACT, VIOLATION OF WASHINGTON INSURANCE CODE AND WASHINGTON CONSUMER PROTECTION ACT |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, foreign insurers; | |
| Defendants. | |

COMES NOW the Plaintiff, JEFF BUTLER, as the proposed Class Representative of a Class to be composed of certain insureds of American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin (hereafter collectively "American Family") with policies issued in the State of Washington, and in support thereof alleges as follows:

## I. INTRODUCTION

1.1 This action seeks to recover the individual damages suffered by Christina Bower, who has assigned her claims to Plaintiff, as well as the "diminished value" losses of the Members of the Class, all insureds within the State of Washington as a result of American Family's breach of its insuring agreement with its insureds and

CLASS ACTION COMPLAINT - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

its violation of the Washington Administrative Code and, as a result, its violation of the Washington Consumer Protection Act.

1.2 American Family advertised, solicited, and sold automobile insurance policies providing Uninsured Motorist Coverage in the State of Washington. These policies, like the policy sold to Plaintiff's predecessor in interest, Christina Bower, obligated American Family to "pay compensatory damages an Insured person is legally entitled to recovery from the owner or operator of an underinsured motor vehicle because of: ... (b) property damage caused by an accident and Underinsured Motorist." This insuring obligation is found in the Underinsured Motorist ("UIM PD"), coverage.

1.3 Under the UIM PD insuring agreement, any loss in value (a/k/a "diminished value") is recoverable under Washington Law, and there is no exclusion for this loss.

1.4 As such, under this coverage, when American Family elects to repair certain vehicles owned by members of the proposed Class, they owed those insureds compensation for any diminished value which existed after the accident.

1.5 Plaintiff alleges that when certain automobiles, those within the proposed Class, sustain damage to their structural systems and bodies, they cannot be repaired to their pre-accident condition, and are as a result tangibly different than they were pre-accident. This causes the vehicles to suffer a loss in value called "diminished value" at the time of the accident.

1.6 Upon information and belief, when claims were made under any American Family policy, those claims were handled by a single claims staff, under a single set of policies, which are established and controlled by American Family. Both American Family defendants are part of the same group, and are treated as such by the National Association of Insurance Commissioners which classifies them

CLASS ACTION COMPLAINT - 2

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

both as being part of NAIC group 473. As such, for purposes of their interactions with the members of the proposed Class, the two American Family entities which issue first party personal line insurance policies in the State of Washington, all defendants in this action, are all juridically linked, allowing Plaintiff to represent insureds whose policies were issued by juridically linked companies, and who were impacted by the same common pattern and practice. For purposes of the events and acts in this case they are also alter egos and agents of each other.

1.7   Despite knowing that diminished value was a non-excluded loss under the UIM PD coverages in its policies, American Family (acting through its common claims handling staff, policies, procedures, and practices) did not inform its insureds regarding coverage for diminished value, nor did it adjust their losses to include any losses due to diminished value. Instead, American Family continued with its practice of failing to disclose the loss or the coverage, and failing to adjust losses to consider and include payment for diminished value as they had on the claim of Christina Bower.

1.8   On July 4, 2011, Ms. Bower was involved in an auto accident in her brand-new 2011 Mini Cooper STD 2DR Hatchback while insured by American Family Mutual Insurance Company. The vehicle had 149 miles on its odometer at the time of the accident. The vehicle was hit in the right rear corner, and, as shown by the repair estimate, the vehicle repair required substantial paint and body work, and the cost of repair was determined to be $4,336.84. The claim was determined to be a covered loss by American Family's claims handling staff and their agents, and paid (in part) under Ms. Bower's UIM PD coverage.

1.9   As a result of the damage suffered in the accident, Ms. Bower's vehicle was worth less after it was repaired than it was before the accident. Plaintiff's vehicle, due to the nature of its damage, was tangibly, and identifiably, different after the

CLASS ACTION COMPLAINT - 3

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1   accident, and after repairs using available collision repair techniques. Since the areas of repaired damage would be detectible in any later inspection, the vehicle was worth less (it had "diminished value") as a result of the accident, after the accident, irrespective of any repairs that might or could be done to the vehicle.

1.10   However, like other members of the proposed Class, when Ms. Bower presented her vehicle to American Family (in the persons of the common claims unit employed and directed by American Family) to be told about the available coverages and pertinent benefits, and then to have her loss adjusted and paid, American Family neither informed her of the availability of coverage for diminished value, nor did it adjust the loss to include diminished value. As with all other members of the proposed Class, American Family instead, itself, or via their authorized agents, following its common processes and procedures, had an estimate prepared for only the cost of repair of the vehicle, not the entire covered damages and loss incurred by Ms. Bower.

1.11   Plaintiff alleges that American Family's failure to pay for this type of loss under its Washington insurance policy's UIM PD coverages breached its contract, and that its common course of conduct in handling (and failing to disclose, adjust, or pay) diminished value in its claims handling violated the Washington Administrative Code and Washingotn's unfair business practice laws.

## II. THE PARTIES

2.1   At all times material hereto, Plaintiff Jeff Butler is a natural person residing in King County, Washington.

2.2   Plaintiff was and is the beneficiary of an assignment given to him by his customer, Christina Bower, who was insured by American Family Mutual Insurance Company, under an automobile policy covering the acts complained of herein. Ms. Bower was, and is, a resident of the State of Washington, and her

CLASS ACTION COMPLAINT - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

insurance policy was issued in this State.

2.3 At all times material hereto, Defendant American Family Mutual Insurance Company was and is a foreign insurance company, a member of American Family Group (NAIC Group 473), and is incorporated and headquartered in the state of Wisconsin, but licensed to, and does conduct business in, Pierce County, Washington.

2.4 At all times material hereto, Defendant American Standard Insurance Company of Wisconsin was and is a foreign insurance company, a member of American Family Group (NAIC Group 473), and is incorporated and headquartered in the state of Wisconsin, but licensed to, and does conduct business in, Pierce County, Washington.

2.5 Both American family companies are owned and controlled and by the same entity, and are treated for purposes of insurance regulation as related and interconnected companies. All Claims handling on either entities' insurance policies, and all policies and practices as it relates to the events at issue in this case, are fully controlled and directed by American Family and its employees, and both American Family entities are juridically linked to each other.

2.6 As it relates to all actions at issue in this suit, each Defendant is the alter ego and agent of all other Defendants. For purposed of issuing policies, establishing common policies, and claims handling, Defendants are, and were, juridically linked, so that Plaintiff can represent insureds of both American Family issuers as it relates to their diminished value losses.

### III. JURISDICTION AND VENUE

3.1 Each defendant transacts business in Pierce County, Washington. Venue is therefore proper pursuant to RCW 4.12.025 section (1) and (3)(d) as the County in which the Defendants transact business.

CLASS ACTION COMPLAINT - 5

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

3.2 The claims asserted herein exceed the minimum jurisdictional amount of this Court but are less than $75,000.00, including exemplary damages and attorney's fees, per member of the proposed Class.

3.3 All of the Defendants are residents of, and are citizens of, Washington under 28 USC § 1332(c)(1) and § 1332(c)(1)(A) and C) such that diversity does not exist.

3.4 Plaintiff is a citizen of Washington. All members of the proposed Class are insured under policies issued in and for the State of Washington for vehicles registered in the State of Washington, and as a result nearly all, if not all, are Washington residents and citizens. Far less than one percent (1%) of the members of the proposed Class will be citizens of other States, and will then be connected to Washington State via their vehicles and insurance policies. As a result far more than two-thirds of all members of the proposed Class are citizens of Washington, the American Family defendants are citizens of Washington, and the principal injuries resulting from the alleged conduct and any related conduct of American Family occurred and were incurred in Washington. As such under 28 USC § 1332(d)(4)(A) and (B) no Federal jurisdiction exists under the Class Action Fairness Act ("A district court shall decline to exercise jurisdiction under paragraph (2) - ") and this case is not removable.

IV. COMMON COURSE OF CONDUCT BY AMERICAN FAMILY

4.1 American Family solicits, and advertises for, consumers to purchase UIM PD coverage for their vehicles from them.

4.2 The policies that American Family issued had a common obligation under the UIM PD coverages to pay for diminished value.

4.3 Despite having not excluded diminished value as a loss, rather than informing members of the potential Class about the coverage provided by their policies and adjusting the loss, American Family failed to disclose pertinent coverage and

CLASS ACTION COMPLAINT - 6

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

benefits and did not adjust claims to address the damage which results from diminished value.

4.4 Despite knowing that their policies covered diminished value, American Family continued their ongoing course of conduct of not informing its insureds of the presence of coverage for diminished value claims, continued to not adjust claims for diminished value, and if by chance an insured was knowledgeable enough to request payment for diminished value, American Family continued to have no approved method or procedure to adjust the claim.

4.5 American Family is aware of their obligations under the general duty of good faith and fair dealing and under the specific provisions of Washington Administrative Code Sections § 284-30-330 and § 284-30-350. These include (but are not limited to) those in § 284-30-330:

(1) Misrepresenting pertinent facts or insurance policy provisions.

(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(4) Refusing to pay claims without conducting a reasonable investigation.

(5) Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.

(7) Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately

CLASS ACTION COMPLAINT - 7

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

|  |  |  |
|---|---|---|
| 1 |  | recovered in such actions or proceedings. |
| 2 | (16) | Failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established. |
| 5 | (18) | Failing to make a good faith effort to settle a claim before exercising a contract right to an appraisal; |

and in § 284-30-330:

(1) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.

(3) No insurer shall deny a claim for failure to exhibit the property without proof of demand and unfounded refusal by a claimant to do so.

(4) No insurer shall, except where there is a time limit specified in the policy, make statements, written or otherwise, requiring a claimant to give written notice of loss or proof of loss within a specified time limit and which seek to relieve the company of its obligations if such a time limit is not complied with unless the failure to comply with such time limit prejudices the insurer's rights.

4.6 Payment of diminished value is a "benefit" within the meaning of WAC § 284-30-330(1). Despite knowing its obligations and duties and obligations to its insureds, American Family has undertaken a course of conduct designed to limit payments for diminished value by failing to disclose and adjust the loss, while instituting no company policies and procedures to pay for damages which it knows it is required to pay many of its policyholders.

CLASS ACTION COMPLAINT - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

## V. CLASS ACTION ALLEGATIONS

5.1 This action is brought as a class action under Superior Court Civil Rule 23. American Family's conduct has been systematic and continuous and has affected large numbers of American Family policy holders over time. Plaintiff brings this class action to secure redress for American Family's uniform and common practice of adjusting vehicle losses so that American Family fails to restore them to their pre-loss condition, including value, by leaving the vehicles with the unavoidable tangible differences after repair. American Family further uniformly has failed to inform their policyholders of their loss, and pertinent benefits and coverages under the policy while failing to fully adjust their loss. American Family's conduct has been uniform throughout the Class Period, and impacted all members of the proposed Class in a common and similar manner to how it affected Plaintiff.

5.2 All members of the proposed Class have fully complied with all pertinent policy provisions to receive payment under their policies from American Family. American Family has found UIM PD coverage to apply to each member of the proposed Class's accident, and found that the Class member has fulfilled the requirements for coverage to apply. Each member of the proposed Class has presented their vehicle for inspection by American Family or its agents to have the loss fully adjusted, and American Family or their authorized agent has inspected the vehicle. No further performance is required by any members of the proposed Class to secure all available coverage and benefits provided by the American Family policies.

5.3 Plaintiff seeks certification of the following Class:

> All American Family insureds with Washington policies issued in Washington State, where the insured's vehicle damages were covered under the UIM PD coverage, and

CLASS ACTION COMPLAINT - 9

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

    1.     the repair estimates on the vehicle (including any supplements) totaled at least $1,000;

    2.     the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and

    3.     the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Excluded from the Class are a) claims involving leased vehicles or total losses, b) the assigned judge, the judge's staff and family, and c) accidents occurring before March 6, 2008.

5.4    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The exact number of Class members is unknown, but can be readily determined from the records maintained by American Family.

5.5    Plaintiff believes there are thousands of persons in the Class, and on information and belief that the Class will include approximately thirty-five hundred (3,500) American Family insureds.

5.6    Ms. Bower (and through the assignment Plaintiff) is typical of members of the Class. She purchased an American Family automotive policy, paid her premiums, and made a claim for loss when her insured automobile was damaged in an accident. She filed a claim, and made her vehicle available to American Family for determination and payment of her loss. American Family then failed to adjust the loss to include diminished value, or to inform her of the existence of coverage for her diminished value loss.

5.7    There are numerous and substantial question of law and fact common to all of the members of the proposed Class which predominate over any individual issues. Included within the common questions of law and fact are:

a)    Whether American Family was contractually obligated to provide payment for diminished value to its insureds.

CLASS ACTION COMPLAINT - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

b) Whether Plaintiff and members of the proposed Class had any further obligations before having their losses adjusted by American Family to include diminished value.

c) Whether American Family exercised good faith and fair dealing in not disclosing the presence of the diminished value loss, by not adjusting that loss, and by not paying that loss.

d) Whether American Family engaged in unfair claims settlement practices under Washington Administrative Code Sections § 284-30-330 and § 284-30-350.

e) Whether American Family committed consumer fraud and acted in bad faith thereby violating RCW 48.30.040 and .090.

f) Whether American Family breached its contracts of insurance with the Class by failing to pay diminished value.

g) The measure of damages for diminished value for the Class and its amount.

h) Whether Class members vehicles were tangibly different after an accident and repair compared to before the accident, or if only "intangible" differences remain after repair.

5.8 Plaintiff has no interests adverse to the interests of other members of the proposed Class, and will fairly and adequately protect the interests of the Class.

5.9 Plaintiff has retained the undersigned counsel who are experienced and competent in the prosecution of class actions and complex litigation and have extensive experience with litigation involving diminished value. These counsel have the resources and experience necessary to prosecute this case.

5.10 A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, due to the refusal of

CLASS ACTION COMPLAINT - 11

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

American Family to inform their insureds about diminished value, the Class members will continue to suffer damage and American Family's conduct will proceed without effective remedy.

5.11   Individual members of the proposed Class have little interest or ability to prosecute an individual action due to the complexities of the issues involved, the costs of assembling proof of the amount of diminished value, the time required, and the relatively small, although significant (likely averaging around $1500 per accident) damages suffered by each member of the proposed Class.

5.12   This action will allow the orderly, fair, and expeditious administration of Class claims, economics of time, effort, and expense will be fostered, and uniformity of decisions will be ensured. As with prior diminished value cases in this country, collective adjudication will allow sufficient proof and expertise to be assembled to fairly value and prove the losses at issue.

5.13   This action will present no difficulties which would impede its management by this Court as a class action and a class action is the best available means by which Plaintiff and the Members of the proposed Class can seek redress for the harm caused to them by American Family.

VI. PLAINTIFF'S CLASS-WIDE CAUSES OF ACTION AGAINST AMERICAN FAMILY

COUNT I - CLASS-WIDE BREACH OF CONTRACT

6.1   Plaintiff realleges the allegations contained in the previous paragraphs as if fully set forth herein.

6.2   Plaintiff's predecessor in interest and members of the proposed Class entered into contracts which were identical in material respects with American Family. They paid all required consideration in the form of premium for the coverage afforded by the American Family policies. They complied with all conditions precedent under the American Family policies and presented their claims. As to each claim,

CLASS ACTION COMPLAINT - 12

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

before paying to repair the vehicle, American Family and/or their authorized agents found coverage to exist and apply to the claim. American Family found all conditions precedent to payment to be satisfied.

6.3  The American Family policies covered diminished value, and they did not exclude the loss. As such American Family was obligated to cover losses for diminished value.

6.4  American Family breached the express provisions of their policies and their contracts with Plaintiff and members of the proposed Class by not fully restoring vehicles, and then not paying for the resulting diminished value on those vehicles (such as those within the Class) that had, or would have, tangible differences after repair.

6.5  As a direct and foreseeable consequence of the foregoing, Plaintiff and the members of the Class have been damaged by receiving less (in the form of the difference in the pre-accident value of the vehicle and its value as a vehicle repaired to industry standards) than they would have received had American Family paid the amounts Plaintiff and members of the Class had contracted for, in an amount to be determined at trial.

COUNT II - CLASS-WIDE FAILURE TO DISCLOSE AND ADJUST CLAIM, CONSUMER PROTECTION ACT, WAC VIOLATIONS

6.6  Plaintiff realleges the allegations contained in previous paragraphs as if fully set forth herein.

6.7  At all relevant times, American Family were engaged in trade or commerce in the State of Washington.

6.8  American Family failed to disclose to Plaintiff and members of the proposed Class information concerning its refusal to adjust and pay diminished value claims, information which was in its possession during the Class period. This

CLASS ACTION COMPLAINT - 13

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

|   |   |
|---|---|
|   | failure was intended by American Family to induce Plaintiff and the members of the proposed Class to enter into transactions they otherwise would not have entered into if the information would have been disclosed, and prevent them raising claims for diminished value. |
| 6.9 | The acts and conduct of American Family constitute unfair and/or deceptive acts and practices in violation of Washington Administrative Code Sections § 284-30-330 and § 284-30-350, the duty of good faith and fair dealing, and RCW 48.30.090 and 48.30.010 |
| 6.10 | American Family's unlawful acts under Washington State's Consumer Protection Act, RCW 19.86 *et seq.*, have been a proximate cause of damage to Plaintiff and the members of the proposed Class in an amount to be proven at trial. |
| 6.11 | American Family's acts entitle Plaintiff and members of the proposed Class, whose claims were adjusted on or after March 6, 2010 to treble damages. |

## COUNT III - CLASS-WIDE FAILURE TO MAKE PROMPT PAYMENT OF CLAIM

|   |   |
|---|---|
| 6.12 | Plaintiff realleges the allegations contained in previous paragraphs as if fully set forth herein. |
| 6.12 | Despite knowing that all conditions precedent to Plaintiff's recovery had been performed or had occurred, American Family has failed and refused to pay Plaintiff in accordance with its contractual obligations. Furthermore, American Family has unjustifiably failed to adjust diminished value to its insureds. |
| 6.13 | Because of American Family's failure to restore Plaintiff, and the members of the proposed Class's vehicles to their pre-accident value, and American Family's failure to make prompt payment of the amount of such damages, Plaintiff has been forced to initiate legal proceedings. American Family knew that their failure to address and promptly adjust and pay the loss was an unlawful act under |

CLASS ACTION COMPLAINT - 14

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

Washington Administrative Code Sections § 284-30-330 and § 284-30-350.

6.14   As a result of American Family's conduct, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading for the prosecution and collection of their claim. Therefore, Plaintiff is entitled to recover from American Family a reasonable sum for the necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals.

## VII. PLAINTIFF'S CLASS-WIDE PRAYER FOR RELIEF

7.1   Plaintiff and the members of the proposed Class have been injured as a result of American Family's wrongful conduct as described above. As a result, Plaintiff and the members of the proposed Class are entitled to and pray for the following relief:

A.   Payment of the difference between the insured vehicle's pre-loss value and its projected market value as a repaired vehicle after the accident, tougher with pre-judgment interest from the date the automobile was damaged until date of judgment;

B.   Treble damages in an amount up to $25,000.00 per violation, as the statutory penalty for Defendants' knowing commission of acts under Washington Administrative Code § 284-30-330 and § 284-30-350, and RCW 48.20.040, 48.30.090, and the Washington State Consumer Protection Act, RCW 19.86 *et seq.* for those Class Members whose claims were adjusted after December 16, 2009;

C.   A reasonable sum for attorney's fees, pursuant to RCW 19.86 *et seq.*, with additional sums for the services of Plaintiff's attorneys in the event of subsequent appeals;

D.   Costs of suit;

CLASS ACTION COMPLAINT - 15

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

E. Post-judgment interest on the judgment at the rate provided by law from the date of judgment until paid;

F. Injunctive, equitable, and declaratory relief; and

G. Such other relief as deemed just and equitable.

WHEREFORE, THE FORGOING BEING CONSIDERED, Plaintiff respectfully requests that the Court certify this case as a Class Action and that judgment be entered for the Plaintiff and members of the proposed Class against American Family for the damages described above, and for such other and further relief, at law and equity, to which he and the Class may be entitled.

DATED THIS 6th day of March, 2014.

The Law Offices of STEPHEN M. HANSEN, PS

*/signature/*

STEPHEN M. HANSEN, WSBA # 15642
Of Attorneys for Plaintiff

DEBRA BREWER HAYES, Of Counsel (*pro hac vice* to be applied for)
REICH & BINSTOCK
4265 San Felipe, Suite 1000
Houston, TX 77027
Telephone: (713) 622-7271
Facsimile: (713) 623-8724
dhayes@dhayeslaw.com

SCOTT P. NEALEY (*pro hac vice* to be applied for)
Law Office of Scott P. Nealey
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 231-5311
Facsimile: (415) 231-5313
Cellular: (415) 640-4806
snealey@nealeylaw.com

CLASS ACTION COMPLAINT - 16

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax