Exhibit "1"





The Honorable Vicki L. Hogan
Hearing Date: May 11, 2001

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

ROXETTE BUSANI, individually and as the representative of all persons similarly situated,

Plaintiff,

vs.

UNITED SERVICES AUTOMOBILE ASSOCIATION,

Defendants.

NO. 99-2-08217-1

**CLASS CERTIFICATION ORDER**

This matter is before the Court on Plaintiff Roxette Busani's motion for certification of a Plaintiff class under Washington Superior Court Civil Rules Rule 23 (Civil Rule 23). Plaintiff has moved for certification of the following class:

class

All persons in the ~~United~~ States who: (1) were insured under an automobile insurance policy issued by USAA; (2) received payment under the uninsured or underinsured (Part C) coverages for property damage to an insured automobile from May 30, 1993 to January 30, 2001; and (3) did not receive payment for inherent diminished value where: (a) the repair estimate including supplements totaled at least $1,000, (b) the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident, and (c) the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

"Class States" include the following 26 States and the District of Columbia: Alaska, Arkansas, California, Colorado, Delaware, Georgia, Illinois, Indiana, Louisiana, Maryland, Mississippi, North Carolina, New Hampshire, New Jersey, New Mexico, Ohio, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia, Washington, and West Virginia.

CLASS CERTIFICATION ORDER- 1

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

ORIGINAL

002155 .2310         3955 6/29/2886 8888

1. Excluded from the proposed class are policyholders whose vehicles were leased, total losses, employees of USAA, its officers and/or directors, Plaintiff's counsel and the Judge of the Court to which this case is assigned.

The Court has considered the substantial briefing, argument, and evidence submitted by the parties. For the reasons set forth herein, and in the Court's decision from the bench, Plaintiff's motion is granted.

## I. STATEMENT OF THE CASE.

Plaintiff Roxette Busani ("Busani") alleges that her insurer, United Services Automobile Association ("USAA"), breached the provisions of its automobile insurance contract by failing to pay her for the inherent diminished value sustained when her car was damaged in a collision with an uninsured motorist; failing to assess her car for inherent diminished value when presented for repair, and failing to inform her regarding inherent diminished value. According to Ms. Busani, "inherent diminished value" is the loss in value a vehicle suffers because it has been wrecked; this loss in value results from the inability to fully restore a vehicle to its pre-loss condition, and the resulting unwillingness of buyers to pay as much for a vehicle which lacks the assurance of reliability and performance of a vehicle which has not been wrecked. According to Ms. Busani, this reduction in value occurs regardless of whether a vehicle is properly repaired or is in fact repaired at all.

The Plaintiff class includes individuals who, like Ms. Busani, received compensation under Part C (regarding uninsured and underinsured motorist coverages, hereinafter referred to as "UIM") of USAA's insurance policies, whose operative language is substantially the same, after their automobiles suffered compensable property damage, but did not receive payment for loss due to inherent diminished value.[1] Plaintiff alleges that inherent diminished value is well-recognized in the automobile industry, that it can be quantified through the use of a classwide

---

[1] The proposed class does not include those who received payments under the other first party coverages found in Part D which provide indemnification for collision and comprehensive losses.

CLASS CERTIFICATION ORDER- 2

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

damages study based upon market or survey data, that payment for it is owed under Part C, and, finally, that USAA had a duty to inform its insureds of its existence when they presented their vehicles for determination of loss and repair under the policy.

The record reveals that USAA provided and extended UIM coverage and paid first party property damage claims under the Part C coverages at issue in this lawsuit in twenty-seven states from 1993 through 1999. The record also reveals that there have been as few as a single claim paid under Part C over this seven years time span in two states, North and South Dakota (in 1995 and 1998 representatively), while there were 13,709 claims paid under Part C in Texas over this same seven year period. Plaintiff contends that few, if any, of these individuals received payment for inherent diminished value to their vehicles despite this being a recoverable item of damages in every state.

Although USAA has, according to Plaintiff, paid few, if any, diminished value claims, its nationwide handling of diminished value claims has been reduced to writing in a manual. This manual, the computerized online procedure system or "COPS," was provided under a confidentiality agreement and protective order.[2] The manual expressly recognizes the possibility of claims for diminished value, and defines "diminution in value" as "the difference in the vehicle's market value pre-loss and post-loss after proper repairs have been done." Ibarra Depo. Exh. 1 at UWA03021. USAA's policy, according to the claims manual, is to "advise the member of the possibility of diminution in value in states requiring payment of diminution in value on first party losses." Id. at 03020. UIM Part C coverage is by definition first party coverage. USAA's claims manual further recognizes, according to Plaintiff, that payment of inherent diminished value "is appropriate in all states as an element of damage for which the insured may become legally liable, provided the claimant proves or substantiates the damage" in third-party tort claims. Ibarra Depo. Exh. 5 at 5. According to Plaintiffs, Defendant concedes

---

[2]USAA's "claims manual" is an electronic document, copies of which were provided to the Court as Exhibits 1 and 3-5 to the September 20, 2000 deposition of Ms. Mary Ibarra.

CLASS CERTIFICATION ORDER- 3

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax



1  that this language applies to the UIM Part C claims at issue in this suit. *Ibarra Depo.* at 111-12.
2  Plaintiff finally notes that USAA's corporate designee, Mary Ibarra, testified that there has been
3  no change in philosophy or guidelines by USAA in the last 7 years regarding payment of first
4  party losses for diminution in value under Part C. *Ibarra Depo.* at 44. This is the kind of class-
5  wide evidence on which Plaintiffs intend to rely to establish a common course of conduct by
6  USAA during the class period.

7      USAA contends that inherent diminished value is a novel theory of law in Washington,
8  and that when an insured makes a claim under Part C of the policy on behalf of a tortfeasor who
9  is uninsured, they stand in an adversarial relationship to their insured. USAA claims, therefore,
10 that it has no duty to inform claimants under Part C of the possibility of coverage for inherent
11 diminished value. ~~As a result, as demonstrated at the class certification hearing, USAA's current~~
12 ~~practice amounts to, "Don't ask; Don't tell."~~ Under this ~~policy~~ proceedure, USAA ~~provides~~ volunteers no information
13 on inherent diminished value to its policyholders making UIM claims.

14                     **II. LEGAL STANDARD ON CLASS CERTIFICATION**

15     The class certification determination must be made in strict conformity with Civil
16 Rule 23. In applying Civil Rule 23, the Court has not adjudicated and makes no ruling on the
17 merits, but decides now only whether the statutory prerequisites of class certification have been
18 satisfied. The Court has considered each element of Civil Rule 23, because a class can be
19 certified only if each of the four requirements under Civil Rule 23(a) has been satisfied and the
20 requirements of one of the parts of Civil Rule 23(b) are met.

21                     **III. REQUIREMENTS OF COURT RULE 23(a)**

22     A.    **Numerosity.**

23     The number of class members must be so numerous that the joinder of all members is
24 impractical. Under Washington law there is no rigid mathematical formula for determining
25 numerosity. A sufficient class has been held to be as many as one million, and as few as twenty-
26
27
28 CLASS CERTIFICATION ORDER- 4

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax



five to forty individuals. A class satisfies the numerosity requirement if it is sufficiently large such that separate suits by each member would be difficult or inconvenient, and that it would be impractical to join all the potential members.

Based upon USAA's answers to interrogatories, the proposed class is estimated to include roughly 24,754 UIM claims. These class members are geographically dispersed in up to twenty-seven states. Under these circumstances, the numerosity prerequisite is satisfied. In addition, the individual amount of each member's claim is sufficiently small to dissuade many class members from pursuing separate actions. Given the number of claims, the trial of multiple separate claims by each of the potential class members would be an imposition on the litigants and the courts and would raise the possibility of inconsistent verdicts.

USAA can identify most of the information for identification of the class members from its computer records, although identification of certain of the exclusions would, according to USAA, require a hand search of the relevant claims files. A significant amount of information is in USAA's computer database, and slightly overinclusive notice to an objectively-defined and identifiable class can be provided. For all these reasons, the Court finds that numerosity is satisfied.

**B.  Commonality.**

For certification to be appropriate, questions of law or fact which are common to the class must exist. Moreover, under Civil Rule 23(b)(3), these common questions of law or fact must predominate over any questions affecting only the individual members. The two requirements overlap to some extent.

The proposed class includes only first party claimants under Part C of the policy who filed a property damage claim where USAA provided and extended coverage for property damage losses. None of these class members received inherent diminished value as part of their recovery under Part C of their policy. None of these class members were informed of USAA's

CLASS CERTIFICATION ORDER- 5

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax



1  policy on diminished value. These events all occurred under, and were the result of, USAA
2  policies and procedures found in its nationwide claims manual. The nature and proprietary of
3  USAA's claims handling practices, the existence of inherent diminished value, and damages
4  resulting from it, all present classwide issues of fact and law for adjudication.
5       Nor are there, as USAA claims, individual issues regarding "repair related diminished
6  value" which swamp these predominating common issues. The documents presented to this
7  Court demonstrate the existence of three types of diminished value payments that the Court could
8  consider: the alleged difference in the pre-accident and post-accident value of the car (which
9  Plaintiffs refer to as "inherent diminished value" and Defendant's claims manual refers to as
10 "diminished value"); the additional diminished value which USAA suggests occurs when the
11 repairs on the vehicle are not properly made; and finally, diminished value which may result
12 from the inability to complete a vehicle's repair due to insufficient money being paid to repair the
13 vehicle. It is clear to the Court that Plaintiffs are not making a repair-related claim for
14 diminished value; nor are they making a claim that there was not enough money provided to
15 complete the repairs. Rather, Ms. Busani is making a claim exclusively for the alleged difference
16 in the pre-accident and post-accident value of her car, which she claims exists whether or not the
17 vehicle is ever repaired. The existence and amount of this type of "inherent diminished value"
18 presents classwide fact issues, as does the propriety of USAA's handling of this type of claim.
19 These core factual issues predominate.
20      Even though Washington law requires only the existence of common questions of law *or*
21 fact, there are also common and predominating issues of law. The relevant language in each
22 policy is functionally identical, and the legal duties owed under it present common legal issues.
23 Each class member has a common interest in a determination of whether USAA is obligated to
24 compensate its insureds and policy holders for inherent diminished value. This includes the
25 common legal issues of whether USAA breached its contract by failing to pay its insureds
26
27
28 CLASS CERTIFICATION ORDER- 6

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

inherent diminished value, whether USAA owed a duty of good faith to inform its insureds of inherent diminished value, and whether USAA's failure to inform its insureds of inherent diminished value in the circumstances of this case constituted a breach of the duty of good faith and fair dealing and breach of contract. The existence of, and proof of, the obligation to assess the vehicle for, tell about, and/or pay for inherent diminished value present classwide legal issues.

C.  **Typicality.**

The third requirement of Civil Rule 23(a) is that the claim of the representative party be typical of the claims of the class members. This overlaps with the second requirement of commonality. As the Court has already found, there is commonality between Ms. Busani's claim and that of the members of the class. Ms. Busani's claim is typical of those of the members of the proposed class so that she can fairly represent members of the class.

D.  **Adequacy.**

The fourth requirement of Civil Rule 23(a) is that the representative party will fairly and adequately protect the interests of the class. This Court has considered the adequacy not only of the Plaintiff, but also the adequacy of Plaintiff's counsel — which was not disputed by USAA. The record suggests that the Plaintiff will adequately and fairly protect the interests of the class.

The main argument advanced by USAA as to Ms. Busani's adequacy is that she, as an insured, is also an owner of the company. The Court finds in the context of this case that this does not defeat Ms. Busani's showing of adequacy. This is not the type of conflict suggested by the cases in analyzing whether there is a conflict with the other class members. The Plaintiff has no management influence, or decision making authority at USAA as a result of her ownership, which is simply due to the payment of her premiums. Rather, the payment of her premium entitles her to be eligible for receipt of member benefits. True conflicts only exist where the

CLASS CERTIFICATION ORDER- 7

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1   objectives and the legal and factual positions of the class members are opposed. There are no
2   such conflicts between Ms. Busani and the other class members.
3       The record also shows that Plaintiffs' counsel are adequate. The Court has considered the
4   quality and experience of the attorneys for the class, including the size, scope and complexity of
5   prior litigation they have undertaken. The Court is very familiar with the work of Mr. Hansen,
6   who has appeared numerous times before the Court, and has had an opportunity to observe the
7   other class counsel during these proceedings and to evaluate their work product. It appears that
8   Plaintiff's counsel have vigorously pursued the case since the filing of the lawsuit and have
9   timely sought class certification. The Court has no reason to doubt that they have sufficient
10  financial resources to absorb the expenses involved in being the named counsel for the class.
11  The Court therefore finds that the adequacy requirement has been satisfied. Because typicality,
12  commonality, and numerosity have also been satisfied, the requirements of Civil Rule 23(a) have
13  been met.

## IV. REQUIREMENTS OF CIVIL RULE 23(b)

15      Civil Rule 23(b)(3) is satisfied if common questions of law or fact predominate over
16  questions affecting only the individual members, and if a class action is superior to other
17  available methods for a fair and efficient adjudication of the controversy. The Court has
18  carefully considered the evidence in the context of the statutory factors contained in Civil
19  Rule 23(b)(3) in reaching its decision. The Court has considered, *inter alia*, the interests of the
20  members of the class to control the case, the extent and nature of other litigation already
21  commenced by members of the class, the desirability or undesirability of concentrating litigation
22  of claims in this forum, and, most importantly, the possible difficulties in management of this
23  class action.
24      There is nothing easy about considering whether to certify a class action from the point of
25  view of the litigants, as well as the time involved for the Court. The key questions before this
26
27
28  CLASS CERTIFICATION ORDER- 8

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax



Court are whether or not a class action is an appropriate and superior method for a fair and efficient adjudication of this controversy. The Court has already addressed predominance in its discussions of commonality of legal and factual issues, which this Court has found to predominate over any claimed individual issues. Remaining for the Court is the issue of whether or not a class action would promote the uniformity of decisions to accomplish the ends of equity and justice. These are issues of both predominance and manageability which were raised repeatedly by USAA in the contexts of choice of law and proof of classwide damages.

The choice of law argument has been extensively briefed and argued by the parties and carefully considered by this Court. Although foreign law was not specifically pled, it was argued by USAA throughout its submissions. The Court finds that the insurance contracts at issue, whose operative language is substantively the same, contain no choice of law provision calling for application of another state's law so that traditional Washington choice of law principles can be applied. Washington has rejected the *lex loci* rule in favor of the most significant relationship approach, therefore, under Washington choice of law rules, this Court first looks to see if conflicts requiring a choice of law decision have been shown. After considering the conflicts raised in all of the materials presented by USAA on contributory negligence, statute of limitations and the breach of contract claim, the Court finds that there are no outcome determinative variations of law which preclude application of Washington contract law to the members of the proposed class.[3]

---

[3] Washington law requires the proponent of foreign law to demonstrate that another state's law is "fundamentally incompatible with Washington's" law. *Burnside v. Simpson Co.*, 123 Wn. 2d 93, 101, 864 P.2d 937, 941 (1994). This is a "technically pragmatic approach" which places the burden on the proponent of foreign law. *Byrne v. Cooper*, 11 Wn. App. 549, 523 P.2d 1216 (1974). USAA argues, however, that this burden should be flipped and placed on Plaintiffs at the initiation of this case because this is a class action. Such a rule would require Plaintiff to somehow prove the absence of any outcome determinative conflicts, and then require the Court to consider and decide choice of law issues without any context for the issues raised, which may or may not arise during the course of trial. The out of state authorities cited by USAA in support of this argument are distinguishable because, unlike in the cited cases, there is no choice of law clause in the contracts at issue and none of the substantive claims at issue in this lawsuit requires this Court to apply a *lex loci* rule and therefore automatically apply multiple states' laws. Although the reasoning of the California Supreme Court in *Washington Mutual Bank, F.A. v. Superior Court (Briseno)*, 24 Cal. 4th 906, 15 P.3d 1071, 103 Cal. Rptr. 2d 320 (2001) (unanimously rejecting argument that where there was no effective choice-of-law agreement (or by extension a *lex loci* rule) that the normal burdens of

CLASS CERTIFICATION ORDER- 9

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

USAA also claims that damages cannot be shown and distributed in a class wide manner and therefore this case is "unmanageable." Under Washington law, certification is appropriate if damages can be calculated for the class and then distributed in a post-trial claims process. *Pickett v. Holland American Line-Westours, Inc.*, 101 Wn. App. 901, 920-21, 6 P.3d 63, 72-3 (2000). Variations in the amount of damages between class members does not defeat class action treatment. *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976).

Plaintiff has discussed in depth two methodologies that could be used to gather data on the amount of loss due to diminished value sustained by members of the proposed class. According to Plaintiff, a matrix created from this data can then be used to distribute those damages to class member in a claims process.[4] The first methodology would involve the collection of auction data on damaged vehicles which have been properly repaired and undamaged vehicles. The second methodology would involve a survey of experts in the field, *i.e.* buyers and sellers of vehicles, to determine the loss in value due to inherent diminished value. According to Plaintiff, the data from either approach would then be utilized in a multiple regression analysis to establish the amounts of damage suffered by members of the class due to inherent diminished value.

Although the Court does not decide, and should not decide, the merits of these claims, both appear to the Court to be feasible methods of calculating inherent diminished value. In reaching this conclusion the Court notes that both proposed methods closely mirror the methods

---

demonstrating material variations in a choice of law analysis should be shifted to Plaintiffs in class actions) is persuasive, this Court need not reach this issue. Both parties have briefed the claimed variations in law, and, having reviewed these materials, the Court finds that no outcome determinative conflicts exist. Because this briefing has been done, the issues of burdens need not be reached as it would not affect the Court's decision in this matter.

[4] Plaintiff presented expert testimony to support her contentions. Because the Court does not adjudicate here the merits of Plaintiffs' claims, nor rule on the validity of Plaintiff's proposed damage model, the Court granted USAA's motion to exclude the testimony. Therefore the Court has not considered their testimony and has instead considered the proposed methods as presented in the pleadings and the arguments of counsel in the context of Washington law.

CLASS CERTIFICATION ORDER- 10

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1  approved by USAA's claims manual to calculate diminished value when USAA pays diminished
2  value claims.[5] Because Plaintiff has proposed what appear to be feasible methods of calculating
3  and distributing damages they should be allowed to develop the actual damage model through
4  discovery after which time this Court can then rule on its admissibility.

5        Having found this litigation to be manageable as a class action as to choice of law and
6  damages, this Court finds that a class action is the only practical and efficient means for
7  policyholders to present their relatively small claims, and for USAA to achieve some finality in
8  this matter. Without class certification, the individual class members may not seek redress
9  because their individual losses may be too small to motivate them to prosecute their claims
10 and/or their claims may clog court dockets with multiple and scattered suits. Either outcome is
11 unjust and inefficient compared to class treatment. Class treatment will provide economy of time
12 for the litigants, the courts, and the attorneys.

13       Not only is class treatment superior, but USAA's course of conduct, the issues of good
14 faith and breach of contract, and whether USAA has a duty to notify class members of their
15 rights, all present common issues as to the members of the class. These issues predominate and
16 make class treatment superior to the arbitration proceedings USAA suggests be employed instead
17 of certification. Such arbitration proceedings would be impractical and are not mandated under
18 the contract.

19       Therefore, it is ORDERED the Plaintiff's motion for class certification is GRANTED and
20 that the following class is hereby certified for trial:

> All persons in the United States who: (1) were insured under an automobile insurance policy issued by USAA; (2) received payment under the uninsured or underinsured (Part C) coverages for property damage to an insured automobile from May 30, 1993 to January 30, 2001; and (3) did not receive payment for inherent diminished value where: (a) the repair

---

[5] USAA's Claims Manual directs its appraisers to compare the market value of like vehicles in the area (determined by a guide book or local market survey). The value of the damaged and repaired vehicle can be determined by (1) "securing bids on the vehicle" (similar to the auction value survey proposed by Plaintiffs); (2) by obtaining valuations from "franchised dealer owners and/or general managers" (similar to the subject matter expert survey proposed by Plaintiffs); and (3) by utilizing professional valuation services. See Ibarra Depo. Exh. 1 at 03027.

CLASS CERTIFICATION ORDER- 11

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1984 / (253) 838-4993
(253) 383-1808 fax

estimate including supplements totaled at least $1,000, (b) the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident, and (c) the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Excluded from the class are policyholders whose vehicles were leased, total losses, employees of USAA, its officers and/or directors, Plaintiffs' counsel and the Judge of the Court to which this case is assigned.

It is further ORDERED that Ms. Busani is appointed to serve as the class representative of this class. The following counsel are also hereby appointed to serve as Plaintiffs' Class Counsel: Terrell Oxford of Susman Godfrey, LLP; Elizabeth J. Cabraser, Morris A. Ratner, and Scott P. Nealey of Lieff, Cabraser, Heimann & Bernstein, LLP; Debra Hayes of Reich & Binstock; and Stephen M. Hansen of Lowenberg, Lopez & Hansen, P.S.

DONE IN OPEN COURT this 11th day of May, 2001.

_____
VICKI L. HOGAN, Superior Court Judge

FILED
IN OPEN DEPT. 5
COURT
MAY 11 2001
Pierce County Clerk
By _____
DEPUTY

Presented by:

LOWENBERG, LOPEZ & HANSEN, P.S.

_____
STEPHEN M. HANSEN, WSBA#: 15642
Of Attorneys for Plaintiff

Copy Received, Approved as to Form and Content; Notice of Presentment Waived:

GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM

_____
Dwight J. Davis
Attorney for Defendants

_____
Ronald B. Leighton
Attorney for Defendants

BALL & WEED

_____
Barry McClenahan
Attorney for Defendants

KING & SPALDING

CLASS CERTIFICATION ORDER- 12

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax