Exhibit "2"



13715  4/5/2004  0018;

FILED
DEPT. 7
IN OPEN COURT

APR - 1 2004

Pierce County Clerk
By _____
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| STEPHEN LAUGHLIN, JAMES POPWELL, and VICKI WILEY and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, and ALLSTATE INDEMNITY COMPANY, <br><br> Defendants. | NO. 02-2-10380-0 <br><br> ORDER GRANTING CLASS CERTIFICATION <br><br> Judge Frederick W. Fleming <br> Hearing Date: April 1, 2004 |

Before this Court is Plaintiffs' motion for class certification filed on December 19, 2003. Plaintiffs seek certification of the following class:

All persons in the class states who received payment under their ALLSTATE uninsured/underinsured (UIM) property damage coverage after August 20 1996, who did not receive payment for diminished value, where: (1) the estimate, including supplements, to repair the vehicle was more than $1,000.00; (2) the vehicle suffered structural (frame) damage and/or required body work; and (3) the vehicle was less than six years old (model year plus five) and had less than 90,000 miles on it at the time of the accident.

Excluded from the class are policyholders whose vehicles were declared total losses, employees of Allstate, Plaintiffs' Counsel, the assigned judge, and members of the judge's family.

The nineteen Class States are: Delaware, Illinois, Indiana, Louisiana, Maryland, Mississippi, New Jersey, New Mexico, North Carolina, Oregon, Rhode Island, South Carolina,

ORDER GRANTING CLASS CERTIFICATION - P 1/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715 4/5/2004 0018

1  Tennessee, Texas, Vermont, Virginia, Washington, West Virginia, and the District of Columbia.
2  Plaintiffs Stephen Laughlin,* James Popwell** and Vicki Wiley*** seek appointment as representatives
3  of the class, and Stephen M. Hansen of Lowenberg, Lopez & Hansen, P.S.; Debra Brewer Hayes
4  of Reich & Binstock; Elizabeth J. Cabraser, Morris A. Ratner, and Scott P. Nealey of Lieff,
5  Cabraser, Heimann & Bernstein; and Terrell W. Oxford of Susman Godfrey seek appointment as
6  Class Counsel.
7      This Court has carefully reviewed and considered *Plaintiffs Motion for Class*
8  *Certification* and accompanying materials filed on December 19, 2003; Allstate's *Response in*
9  *Opposition to Plaintiffs' Motion for Class Certification* and accompanying materials filed on
10 February 9, 2004; *Plaintiffs' Reply in Support of Class Certification* and accompanying materials
11 filed on February 24, 2004; and the new materials filed by Allstate on February 27, 2004 and
12 March 1, 2004. The Court has also carefully considered the comprehensive and able
13 presentations of evidence and argument during ~~what became~~ a three-day class certification
14 hearing on March 1-3, 2004. The supplementary materials filed, and introduced at, this hearing
15 are also part of the comprehensive record upon which this Court's decision is based. This Court
16 announced its decision from the bench on March 3, 2004, and this Order constitutes this Court's
17 applicable findings of fact and conclusions of law relevant to the CR 23 criteria requirements.
18 I.     **STANDARDS UNDER WHICH MOTION WAS DECIDED**
19      Class certification is a special statutory procedure in which this Court determines if the
20 statutory requirements for class certification under CR 23(a) and (b) are met. *Washington Ed.*
21 *Assoc. v. Shelton School District, No. 309*, 93 Wn.2d 783, 789, 613 P.2d 769, 773 (1980)
22 (*"WEA"*). CR 23(a) has four factors: "numerosity," "commonality," "typicality" and
23 "adequacy," all of which must be shown for certification to occur. *Id.* CR 23(b) has three
24 subsections, *at least one of which must be shown* for certification to be granted. *Id.* In this case,
25 Plaintiffs seek certification under CR 23(b)(3) for monetary damages. Plaintiffs bear the burden
26 of demonstrating the statutory requirements are met.
27 * A RESIDENT OF THE STATE oF WASHINGTON.
   ** "    "    "    "    "    " NORTH CAROLINA.
28 *** "    "    "    "    "    " TENNESEE.

ORDER GRANTING CLASS CERTIFICATION - P 2/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715 4/5/2004 00102

1   A trial court in considering class certification "must adequately consider the criteria of
2   CR 23 in making that class certification decision and must then express its decision in light of
3   the provisions of the rule." *Id.* at 793, 613 P.2d at 793. "There is no set criteria for the type of
4   evidentiary materials or hearings necessary to the class certification decision." *WEA*, 93 Wn.2d
5   at 793, 613 P.2d at 775. The issue before the Court, however, is the statutory class certification
6   requirements, not the merits: "certification of a class is to be undertaken with no consideration of
7   the merits of the Plaintiffs' claims." *WEA*, 93 Wn.2d at 790, 613 P.2d at 773 (*citing Miller v.
8   Mackey International, Inc.*, 452 F.2d 424, 429-30 (5th Cir. 1971) (emphasis added); accord
9   *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn.App. 290, 300, 38 P.3d 1024, 1028 (Div. 1 2002) ("A
10  Court's determination of whether class certification is appropriate must be made independently,
11  with no consideration of the merits of the claims"). As such: "In making the initial class
12  certification determination, the trial court takes the substantive allegations of the complaint as
13  true." *Smith v. Behr. Process Corp.*, 113 Wn.App. 306, 320 fn. 4, 54 P.3d. 665, 673 (Div. 2
14  2002) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975)). The Court, however,
15  has not taken Plaintiffs' claims regarding the CR 23 criteria as true. Rather, as to the elements of
16  CR 23, the Court has carefully considered each party's evidence, and contentions, and then
17  reviewed them in light of the entire record developed for class certification. As has been noted:
18  "Courts may, however, go beyond the pleadings and examine the parties' evidence to the extent
19  necessary to determine whether the requirements of CR 23 have been met." *Miller v. Farmers
20  Bros. Co.*, 115 Wn.App. 815, 820, 64 P.3d 49, 53 (Div. 1 2003) (*citing Oda v. State*, 111
21  Wash.App. 79, 94, 44 P.3d 8, review denied, 147 Wash.2d 1018, 56 P.3d 992 (2002)).

22  II.     **FACTS BEFORE THE COURT**

23          Plaintiffs have demonstrated, and this Court finds, that in each of the Class States
24  Allstate's policy obligation under its UIM property damages coverages (UIM PD) is exactly the
25  same: to pay the damages "[a]n insured person is legally entitled to recover" from the owner or
26  operator of an UNINSURED OR underinsured motor vehicle." *See, e.g., Pltfs' Exh. 1* at 18; *Pltfs' Exh. 2*. Only the
27  deductible amounts vary. *See Pltfs' Exh. 2*. Allstate does not contest that its coverage clause is
28

ORDER GRANTING CLASS CERTIFICATION - P 3/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715 4/5/2004 00103

SUBSTANTIALLY THE SAME
1  ~~identical~~ in each state, but contends that in *two* states[1], Illinois and Rhode Island, it has sought to
2  exclude any payment for diminished value through a "Limitation of Liability" clause found in
3  the UIM PD coverage. THE COURT HAS MADE NO FINDING WITH RESPECT TO THE LAW IN THESE TWO STATES.
4  Plaintiffs having demonstrated, and Allstate having made no credible showing otherwise,
5  this Court finds that Allstate also has a uniform class-wide *claims practice* related to payment of
6  diminished value under this policy language. *First*, Allstate has expressly conceded, and
7  repeatedly told this Court, that any loss in market value of an insured's car after repair is covered
8  under its UIM PD coverages in every state under its coverage clause (as noted above Allstate
9  contends the "Limitation of Liability" clause then excludes this coverage in two states).
10  *Second*, despite the existence of such coverage, the PLAINTIFFS PRESENTED ~~uncontroverted~~ evidence ~~shows~~ that
11  Allstate ~~uniformly refuses~~ DOES NOT to disclose to its insureds that coverage exists, and does not adjust
12  claims or evaluate its insureds' vehicles to include consideration of any loss in value.[2]  *See, e.g.*,
13  *Pltfs' Exhs*. 1, 3, 4.
14  *Third*, although uniformly not disclosing or adjusting claims to include diminished value
15  coverage, the evidence shows that Allstate has ~~fully~~ investigated each UIM PD claim prior to
16  payment of the underlying claim to insure that the coverage requirements for payment under the
17  UIM PD coverages were fully satisfied. *See, e.g., Pltfs' Exh. 1* at 38-40, 42. If comparative fault
18  was an issue in a jurisdiction, the depositions of Allstate's own disclosed witnesses shows that
19  Allstate determined the relative fault percentages, recorded this determination in the claims file
20  (along with the basis therefore), applied this to the portion of the claim it paid and then applied
21  this same fault determination to any subsequent payments under the policy. *See, e.g., Pltfs' Exh.*
22  *1* at 43-45; 83; *Pltfs' Exh. 6* at 38.

---

25  [1]Allstate s *Response* also claimed it had such a limitation in its Mississippi policy. However, Allstate s counsel conceded at the class certification hearing that there is actually no such language in its Mississippi policies. The only exception to Allstate s common practice is in the state of Texas where in 2002 Allstate was court ordered to disclose the presence of coverage for diminished value. See *Pltfs Exh.* 3 at 75-77.

27  [2]The only exception to Allstate's common practice is in the state of Texas where in 2002 Allstate was court ordered to disclose the presence of coverage for diminished value. See *Pltfs' Exh.* 3 at 75-77.

28  ORDER GRANTING CLASS CERTIFICATION - P 4/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715  4/5/2004  88184

PLAINTIFFS PRESENTED EVIDENCE TO

*Fourth*, the ~~record~~ shows that if an Allstate insured independently learned about his or her ability to present a claim for diminished value (*i.e.*, from a source other than Allstate, which had what Plaintiffs characterize as a "don't ask, don't tell" policy), then Allstate has a consistent and classwide method to adjust those claims. This policy is found in a document entitled "Best Practices" prepared and disseminated company-wide from Allstate's home office. *See, e.g.*, *Pltfs' Exh.* 5 at 113; *Pltfs' Exh.* 4 at 113; *Pltfs' Exh.* 3 at 39. This uniform practice is to first TESTIMONY FROM AN ALLSTATE WITNESS SHOW require the insured to obtain an "appraisal" of the vehicle, which would cost between $200 and IN TEXAS. IF IS PROVIDED DOCUMENTATION SUPPORTING THE $500 per car. *See, e.g.*, *Pltfs' Exh.* 3 at 63-70. Allstate will then obtain its own "appraisal" and D.V. CLAIM elect to pay, or not pay, some amount to its insured based upon *this appraisal*. If the insured IT does not agree with Allstate's decision, the insured is told they can use the policy's arbitration provision — at considerable additional personal expense. It is worth observing that even when Allstate eventually agrees to pay some amount for diminished value, Allstate has admitted that it does not reimburse its insureds for their costs (*e.g.*, the diminished value appraisal or costs of arbitration) incurred in making the claim, UNLESS THE POLICY SO REQUIRES.

Finally, Plaintiffs have presented this Court with a method by which they propose to show that the vehicles within the class definition suffered a loss in market value, *i.e.*, the amount that class members are "legally entitled to recover." The evidence before this Court is that this projected loss in market value, at the time of the accident, can be shown through application of a statistical regression analysis of prices of vehicles gathered at auction which will identify the factors relevant to loss in value, which can then be applied to the Class. The testimony of Plaintiffs' expert Dr. Bernard Siskin as to how a regression analysis can be applied to this case to show class-wide damages and, later, individual damages in a claims process, has been extensively discussed by the parties. Plaintiffs have also submitted evidence of how defenses Allstate might raise, *e.g.*, prior accidents, can be addressed on a class-wide basis through use of a statistical sample to discount the class-wide damages, and then these same factors can be applied

ORDER GRANTING CLASS CERTIFICATION - P 5/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

*[handwritten insertion: NOTWITHSTANDING DR. SISKIN'S METHOD FOR PROVING AGGREGATE DAMAGES, Allstate MAY ALSO PRESENT RELEVANT ~~[struck]~~ DEFENSES IT MAY HAVE TO PARTICULAR CLAIMS AT TRIAL.]*

1    in any post-trial claims process.³ As discussed below, this Court finds Plaintiffs' showing

2    credible, and further finds that Allstate's claims regarding Dr. Siskin's work raise questions

3    going to the weight to be given to such evidence, not its admissibility.

### III.  CR 23 REQUIREMENTS

#### A.  CR 23(a) Requirements

##### 1.  Numerosity Is Satisfied

Plaintiffs have shown not only that the class far exceeds the minimum threshold for numerosity, *see, e.g., Miller*, 119 Wn. App. at 821 (rebuttable presumption of numerosity at 40 member level), but that these class members (or at least a slightly over inclusive list of them) can be identified for purpose of notice from Allstate's own records. Allstate has in fact conceded that the numerosity requirement is met in this case. *See* 3/1/04 Tr. at 113 (noting class included "tens of thousands of people"). As joinder of this number of insureds is clearly impracticable, this Court finds that CR 23(a)(1) is satisfied.

##### 2.  This Case Presents Numerous Common Questions Of Law And Fact

Rule 23(a)(2) requires that questions of law or fact exist that are common to the class. "There is a low threshold to satisfy this test," *Smith*, 113 Wn.App. at 320, 54 P.3d at 673, and there only need be a *single* common issue for a class to be certified. *Id.*

When a defendant engages in a "common course of conduct" in relation to the class members, this is sufficient to satisfy the "commonality" requirement. *Brown v. Brown*, 6 Wn.App. 249, 255, 492 P.2d 581, 585 (1971). Complete unanimity of purpose and position among class members is not required to find commonality, *King v. Riveland*, 125 Wn.2d 500, 519, P.2d 160, 171 (1994), nor need the proof be identical as to every class member. *See, e.g., Miller*, 115 Wn.App. at 825, 64 P.3d at 55. Similarly, when the class is united by a common interest in determining whether the defendant's conduct is, in its broad outlines, legal,

---

³Another example presented by counsel at the hearing relates to Allstate's claims that it can re-open its earlier findings as to fault and coverage. Putting aside the common *legal* questions as to whether Allstate is estopped to assert, or has waived, its ability to relitigate its own earlier conclusions (discussed below), the Court finds that any such issues are unlikely to present any unmanageable difficulties.

ORDER GRANTING CLASS CERTIFICATION - P 6/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715  4/5/2004  00186

differences in the impact of this conduct on individual class members (and other individual differences) do not defeat class certification. *King*, 125 Wn.2d at 519, 886 P.1d at 171; *Johnson v. Moore*, 80 Wn.2d 531, 535, 496 P.2d 334, 336 (1972); *Brown*, 6 Wn.App. at 255-56, 492 P.2d at 575.

In their motion, Plaintiffs identified a number of common questions of law and fact that they contend exist. These include:

(a) Whether diminished value arises when vehicles suffer the type of damage specified in the class definition;

(b) Whether vehicles can be restored to their pre-loss condition after the type of damage specified in the class definition;

(c) Whether Allstate — through a common and systematic course of conduct and business practice — processes physical damage claims so as to avoid paying diminished value claims in its standard auto policy;

(d) Whether plaintiff and the members of the class had any obligations other than presenting their claims for property damage to Allstate in order to receive compensation for loss in value;

(e) Whether Allstate breached its duty of good faith and fair dealing with each class member;

(f) Whether Allstate had a duty to disclose the existence of DV coverage, and the extent of that duty; and

(g) Whether the plaintiff and members of the class have sustained damages and the proper measure of those damages.

Further, at the class certification hearing Plaintiffs identified additional questions of fact and law they contend are presented by the defenses Allstate has asserted including:

(a) Whether Allstate is estopped, and/or has waived its right to re-open paid claims to reinvestigate its earlier coverage findings;

(b) Whether the "limitation of liability" clause in Allstate's policies in Rhode Island and Illinois excludes coverage for diminished value;[4] and

---

[4] As Plaintiffs showed, in both states trial courts have found the language relied upon by Allstate does not act as an exclusion. This Court is not bound by these unpublished decisions, but in any event, this Court need not resolve this issue at this time; it is a common question of law for class members in each of those states.

ORDER GRANTING CLASS CERTIFICATION - P 7/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715 4/5/2004 88147

(c) Whether subsequent events after the loss are relevant to calculating damages.[5]

The Court finds that each of these constitutes common questions of law or fact under CR 23(a)(2).

Allstate, however, makes several arguments (which are perhaps best characterized as 23(b)(3) "predominance" arguments), as to why there are no common questions in this case. Each will be addressed in turn.

First, although Plaintiffs do not contend that whether coverage is owed constitutes a common question of law justifying certification, Allstate, citing to *Heaphy v. State Farm Mut. Auto Ins. Co.*, 117 Wn. App. 438, 446-48 (2003) contends that the absence of this common question compels denial of certification in this case. This Court finds, based upon its own review of *Heaphy*, Allstate's argument unpersuasive.

*Heaphy* involved a motion to compel arbitration, not a class certification motion, and it is clear from the opinion, and the argument of counsel to this Court, that the *Heaphy* court had no class certification record or decision before them. *See* 3/2/04 Tr. at 332. The court in *Heaphy*, having found the question of arbitrability favorably to State Farm, went on to address Plaintiffs' argument that the mere possibility of a later class certification motion prevented arbitration. *Id.* at 446. Stressing the "present posture" of the case, the *Heaphy* court noted that, because State Farm had conceded coverage, coverage did not constitute a common question of law. *Id.* at 448. As the court stated: "absent any showing that a class action in appropriate for this case, the possibility of class certification cannot overcome the agreement to arbitrate the issue." *Id.* at 448. Here, in contrast to *Heaphy*, the Plaintiffs have filed a class certification motion and developed a full record. Further, this record shows *numerous* other common questions of law and fact.

*Second*, Allstate contends that whether class members' vehicles suffered a loss in value is a unique individual issue regarding individual inspections. However, as noted above, Plaintiffs

---

[5] Plaintiffs have shown that the law of this State is that damages are calculated as of the time an accident occurred, and that Allstate applies the same principle in own settlement of claims. *See, e.g., Pltfs' Exh.* 1 at 72-73; *Pltfs' Exh.* 6 at 61-62. Although Allstate has made no contrary showing, this Court need not resolve this question; it observes that the question is common to all class members.

ORDER GRANTING CLASS CERTIFICATION - P 8/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715 4/5/2004 08188

1   have presented a proposed methodology developed by Dr. Siskin to show the loss in value, and
2   to quantify this loss, through a statistical regression analysis without any such "inspections." As
3   Plaintiffs have also shown this Court, regression analysis is a well recognized scientific
4   technique which will likely be admissible on the merits to show class-wide loss, and therefore
5   damages.[6] Allstate is free to challenge Plaintiffs' showing and attempts to undercut its impact,
6   but the assertions made by Allstate related to Dr. Siskin's proposed analysis go to its weight, not
7   its admissibility.[7] As such, the Court finds that Plaintiffs have demonstrated what appears,
8   based upon all of the evidence and arguments of counsel, to be a reasonable, ~~logical, and feasible~~
9   method of proving loss *without individual vehicle inspections*. This Court therefore rejects
10  Allstate's claim that individual vehicle inspections will be needed as not supported by the record.
11  ~~This is not to say that~~ HOWEVER, Allstate cannot attempt to gather and introduce evidence based upon ~~some~~
12  individual inspections, or produce a valid statistical sample based upon inspections; ~~they just~~ NEITHER PAR
13  cannot limit how ~~Plaintiffs~~ THE OTHER will attempt to present their case on the merits.[8]
14        Allstate, however, argues that individual inspections of vehicles is *required* as a matter of
15  law under *Schwendeman v. USAA Cas. Ins. Co.*, 116 Wn.App. 9, 65 P.3d 1 (2003). As with
16  Allstate's arguments related to *Heaphy* and *Sitton*, this Court's review of *Schwendeman* shows it
17  to be inapplicable to the facts of this case.

---

[6] As Plaintiffs have shown, class-wide proof of liability and damages is well recognized in class actions. *See generally* 3 H. Newberg and A. Conte, Newberg on Class Actions -- 10:1, 10:2, 10:17, 10:05 (4th ed. 2002). Allstate concedes this is the law, but contends that this well-established law was overturned by *Sitton v. State Farm*, 116 Wn.App. 245, 63 P.3d 198 (2003). 3/2 Tr. at 233-4. This Court, having reviewed *Sitton*, disagrees. *Sitton* involved claims for personal injury protection (PIP) which State Farm had denied based upon paper "medical utilization reviews" which had determined (plaintiffs alleged in bad faith) that the treatments sought were not "medically necessary." *Id.* at 249. The *Sitton* court upheld class certification but vacated a trial plan approved by the trial court. *Id.* at 261.
Here, however, unlike in *Sitton*, Plaintiffs have shown by competent and believable evidence how any loss in value can be shown through a common damage formula.

[7] Although Plaintiffs have proposed a common method of showing class-wide and individual damages, certification would still be appropriate even if they had not. It is well recognized in Washington law that even a requirement of individual proof of damages will not preclude class certification. *Smith*, 113 Wn. App. at 323; accord, *Sitton*, 116 Wn. App. at 255.

[8] Left unanswered by Allstate's counsel at the class certification hearing was how inspections of vehicles today would be relevant to their value or condition at the time of an accident at some time in the past. Plaintiffs have posited that Allstate's records, and/or gathering information from class members, actually presents a better source of information than individual inspections. This Court obviously need not resolve this dispute, which is a merits question going to the weight and possible admissibility of evidence on the merits.

ORDER GRANTING CLASS CERTIFICATION - P 9/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715  4/5/2004  00109

1  *Schwendeman* involved an allegation that the replacement of OEM automobile parts with
2  *non*-OEM parts breached an insurance policy. Yet the contractual language at issue in
3  *Schwendeman*, unlike this case, expressly permitted USAA to take an allowance for
4  "depreciation and physical deterioration," *Id.* at 12 n.4, and the trial court in rejecting class
5  certification believed that many replacement non-OEM parts could actually exceed the value of
6  OEM parts. *Id.* at 21. The *Schwendeman* court upheld the trial Court's findings that inspections
7  would be necessary to determine the amount of "depreciation and physical deterioration" and
8  whether the non-OEM part was, as alleged, inferior to the OEM part. *Id.* at 22-23. By contrast,
9  the contractual language in the instant case contains no allowance for depreciation or physical
10 deterioration and, as noted above, Plaintiffs have shown how individual inspections are entirely
11 unnecessary.
12      Third, Allstate argues that individual factual issues related to coverage prevent
13 certification. However, as noted above, Plaintiffs have shown that Allstate has already found
14 that all those prerequisites have already been established. By paying the underlying UIM claim,
15 Allstate has necessarily already addressed factual issues that Allstate now claims would arise,
16 including (1) whether the uninsured/ underinsured motorist was at fault, (2) if there was a hit and
17 run, and so forth. This Court finds that Defendant's own disclosed witnesses conceded precisely
18 this point. Allstate contends, however, that it has a *hypothetical* right to re-open each claim and
19 attempt to readjust issues of fault *it has already adjusted before paying the underlying claim.*
20 Allstate cites to certain opinions, contending they require that Allstate be allowed to re-open its
21 earlier decisions as to fault and coverage. Plaintiffs have, however, persuasively pointed out that
22 those cases all involved far different facts and circumstances than exist here, such as fraud by the
23 insured or denial of coverage on one ground when another also applied. The issue, however,
24 need not be resolved at this time. As noted above, this Court finds that Allstate's ability to
25 re-open its earlier determination of coverage is a common question of law. The Court further
26 finds that even if Allstate is allowed to re-open claims, Allstate can present any evidence it then
27 obtains to a jury on a classwide-basis.
28

ORDER GRANTING CLASS CERTIFICATION - P 10/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715  4/5/2004  00190

1    In any event, the existence of potential or speculative defenses cannot preclude class
certification. "The existence of counterclaims, the presence of *affirmative defenses* against various class members, [or] the complexity of those defenses ... *will not usually bar a finding of predominance of common issues*, although some courts have ruled that actual or pending counterclaims against class members vitiate any predominance determination." Newberg § 4.26 (emphasis added). Rejecting similar hypothetical arguments regarding affirmative defenses, one federal court recently noted: "Courts traditionally have been reluctant to deny class action status under Rule 23(b)(3) simply because affirmative defenses may be available against individual members." *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 39 (1st Cir. 2003) (citing *Newberg* and multiple cases). This Court finds these authorities persuasive.

### 3.   Typicality And Adequacy Are Satisfied

Plaintiffs have argued that only the amounts of damages will vary between class members.[9] Allstate, however, argues that issues related to "repair related" diminished value make Plaintiffs inadequate, as they have failed to pursue claims for "repair related diminished value," which Allstate not surprisingly argues are not certifiable in a class action.

This Court rejects this illogical argument. That the named class representatives have not pursed a claim that Allstate argues can never be certified makes them adequate and thoughtful representatives of the class, not the other way around. As counsel acknowledge, by bringing their diminished value claims without any repair related claims the representative Plaintiffs have waived these claims for themselves, but not for the Class, since "repair related" claims are not part of this action. Plaintiffs are clearly adequate. *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, 2004 U.S. Dist. LEXIS 2162, *18-*28 (D. Kan. 2004)

---

[9] It is well recognized that differences in the amounts of damages do not defeat class certification. *Sitton*, 116 Wn.App. at 255; *Smith*, 113 Wn.App. at 323; *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975); *Arthur Young & Co. v. United States District Court*, 549 F.2d 686, 696 (9th Cir. 1977). Nor is it relevant to typicality or adequacy that some plaintiffs will have incurred greater damages than others, as "the amount of damages is invariably an individual question and does not defeat class action treatment." *Smith v. Univ. of Washington Law School*, 2 F.Supp.2d 1324, 1342 (W.D. Wa. 1998). Complete unanimity of position and purpose is not required among members of a class in order for certification to be appropriate. *King v. Riveland*, 125 Wn.2d 500, 519, 886 P.2d 160, 171 (1994).

ORDER GRANTING CLASS CERTIFICATION - P 11/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715  4/5/2004  00191

The adequacy of counsel is not contested, and this Court's review of the submissions and arguments presented by proposed Class Counsel shows them to be highly qualified and zealous advocates for the proposed Class.

B.     CR 23(b)(3) Requirements — BECAUSE ANY CHOICE OF LAW ISSUES CAN BE FINALLY RESOLVED LATER IN THE PROCEEDING BASED ON OTHER MOTIONS AS THE ISSUES ARE CLARIFIED:

1.     **Predominance**

Allstate contends that common issues will not predominate because this Court will be required to apply multiple states' laws, swamping any commonality. This Court rejects this argument. First, the record before this Court not only does not show any relevant conflicts, but Plaintiffs have made a showing that the elements of breach of contract law are in fact functionally identical in relevant respects, such that Washington law can be applied to all claims. Second, even if conflicts in breach of contract law are later shown to exist, they will not prevent class certification, as variations in law can then be addressed through the use of subclasses. *See, e.g., O'Brian v. Sherson Hayden Stone, Ltd.*, 90 Wn.2d 680, 688, 586 P.2d 830, 834 (1978) (upholding multi-state class certification with directions for trial court to create subclasses to account for conflicts in laws); *see also In re: St. Jude Medical, Inc., Silicone Heart Valves Prod. Liab. Lit.*, 2033 WL 1589527 (D. Minn. 2003) (certification with appropriate subclasses to address variations in law shown to exist); *In re: Diet Drugs Prod. Liab. Lit.*, 1999 WL 673066 (E.D. Pa.) (same). Thus, the "predominance" requirement of CR 23(b)(3) is easily satisfied in this case.

As Plaintiffs have argued, under well established Washington and United States Supreme Court precedent this Court can apply Washington law as the presumptively applied local law, absent a showing of "outcome determinative" conflicts by Allstate. See *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 101, 864 P.2d 937, 941 (1994). This is "a technically pragmatic approach insofar as it places the responsibility of researching and presenting the evidence of foreign law upon the counsel proposing foreign law." *Byrne v. Cooper*, 11 Wn. App. 549, 523 P.2d 1216 (1974); *Granite Equipment Leasing Corp. v. Hutton*, 84 Wash.2d 320, 324, 525 P.2d 223, 225 (1974) ("unless the law of another state is specifically pleaded, it will be assumed to be

ORDER GRANTING CLASS CERTIFICATION - P 12/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715 4/5/2004 00192

1. the same as that of Washington."); *Sun Oil Co. v. Wortman*, 486 U.S. 717, 732 fn.4 (1988); see
2. also *Washington Mut. Sav. Bank F.A. v. Superior Court (Briseno)*, 15 P.3d 1071, 1081, 103
3. Cal.Rptr.2d 320, 331 (2001) (rejecting argument that the burden of demonstrating conflicts rests
4. with a class action proponent under most substantial relationship choice of law rule).
5.     Under Washington choice of law principles, the showing must be that the foreign law
6. sought to be applied is "fundamentally incompatible with Washington's." *Burnside*, 123 Wn.2d
7. at 100, 864 P.2d at 941. Otherwise the claimed conflict is "false" and the trial court properly
8. should apply Washington law — the presumptive local law." *Id.*, 123 Wn.2d at 101, 864 P.2d at
9. 941. "Fundamental incompatibility" occurs when *recovery would occur under one state's laws*
10. *and not under another* — a result of "the legislatures and courts of the two states having made
11. conflicting policy decisions with respect to the question." *Potlatch No. 1 Federal Credit Union*
12. *v. Kennedy*, 76 Wn.2d 806, 808-9, 459 P.2d 32, 34 (1969) (recovery if Idaho law applied, no
13. recovery if Washington law applied); *see also Pacific Gamble Robinson Co. v. Lapp*, 95 Wn.2d
14. 341, 344, 622 P.2d 850, 854 (1980), *overruled on other grounds*, 142 Wn. 2d 135, 12 P. 3d 119
15. (2000) (conflict of law occurs when "result is different" under the law of the two states);
16. *Kammerer v. Western Gear Corp.*, 96 Wn.2d 416, 421, 635 P.2d 708, 711 (1981) (conflict
17. occurs when punitive damages available under one state's laws and not another's).
18.     Allstate, citing to several federal opinions, contends that it need not demonstrate any
19. conflicts in a class action case, as the burden shifts to Plaintiffs. In turn, Plaintiffs argue that the
20. cases Allstate relies upon are all distinguishable as they involved what is, in effect, a *lex loci*
21. choice of law rule due to the unique procedure procedural posture presented by cases under the
22. Magnuson-Moss Warranty Act or federal MDL principles under *Van Dusen v Barrack*, 376 U.S.
23. 612 (1964). However, this Court need not resolve these issues at this time, as the Plaintiffs have
24. demonstrated that under the facts and circumstances of this case, considering the way in which
25. the claim will likely be tried, that breach of contract law is functionally identical. The Court has
26. also carefully reviewed the claimed "conflicts" raised by Allstate, *e.g.*, availability of recovery
27. for diminished value, duty to disclose, etc., and finds that none constitute conflicts on an issue
28.

ORDER GRANTING CLASS CERTIFICATION - P 13/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715  4/5/2004  08193

1  that is likely to arise on this case. Obviously, if such conflicts later arise as this case proceeds,
2  this Court will carefully analyze these conflicts and, if necessary, instruct on relevant variations
3  in the law, OR REMOVE STATES FROM THE CLASS. See *O'Brian*, 90 Wn. 2d. at 688.
4      Allstate finally contends that adjudication of this case violates due process. The United
5  States Supreme Court in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), however,
6  conclusively settled this question. *Id*. at 806-814. As the Court held: "There can be no injury in
7  applying [forum] law if it is not in conflict with that of any other jurisdiction connected to this
8  suit." *Id*. at 816. [10]
9      Nor does the McCarran-Ferguson Act, 15 U.S.C. — 1012 by itself modify this rule. See
10 *United State Department of Treasury v. Fabe*, 508 U.S. 491, 507, 113 S. Ct. 2202,2211, 124 L.
11 Ed.2d 449 (1993). Nor does testimony from Mr. Long modify this analysis. This Court, having
12 viewed Mr. Long's testimony from another case, finds that he has identified no relevant conflicts
13 in state laws or policies related to the issues in this case, and that his testimony is singularly
14 unpersuasive, especially given his evidently false answers under oath about his potential biases
15 in favor of Allstate.
16     2.    **Superiority**
17     In addition to predominance of common questions, CR 23(b)(3) requires a finding that "a
18 class action is superior to other available methods for the fair and efficient adjudication of the
19 controversy." Superiority "is a highly discretionary determination that involves consideration of
20 all the pros and cons of a class action as opposed to individual lawsuits," *Miller*, 115 Wn. App.
21 at 828, and "[t]his requirement focuses upon a comparison of available alternatives." *Sitton*, 116
22 Wn. App. at 245. Here, a class action is superior to all other methods, ~~and this Court finds that a~~
23 ~~failure to certify the Class~~ ESPECIALLY, in light of the small value claim at issue, ~~would allow Allstate's~~
24 ~~manifest, ongoing, and admitted breach of its insurance contract and (arguably) duty of good~~
25

---

26    [10] If an outcome determinative conflict is shown to exist, a forum can then apply its own law and override
27 another jurisdiction's conflicting law if it has "significant contact or significant aggregation of contacts" to the
   claims asserted by each member of the plaintiff class, contacts "creating state interests," in order to ensure that the
   choice of [state] law is not arbitrary or unfair." *Id*. at 821-22. Here, no conflicts exist, so the issue of "contacts"
28 does not arise.

ORDER GRANTING CLASS CERTIFICATION - P 14/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715  4/5/2004  88194

1. GIVEN THE EVIDENCE OF A CREDIBLE method by which Plaintiffs can
2. present proof on a class-wide basis, class treatment is superior.
3. Allstate proposes THREE alternatives to class treatment: 1) INDIVIDUAL SUITS; (2) leaving insureds to Allstate's
4. current practice and (3) arbitration. THEY ARE NOT superior.
5. Plaintiffs have argued that the diminished value suffered by each class member is
6. small — calculated by Dr. Siskin to be an average of $1135 IN A RELATED CASE — such that
7. individual proceeding are NOT economically FEASIBLE. This Court agrees, and finds that resort to
8. Allstate's own claims process, or arbitration, would impose prohibitive costs on Allstate
9. insureds, making prosecution of their claims economically non-viable and NOT FEASIBLE.
10. As such this is the appropriate type of case for class treatment. *See Amchem Prod. v. Windsor*,
11. 521 U.S. 591, 617 (1997); *Mendez v. Palm Harbor Homes, Inc.*, 111 Wn. App. 446, 450, 45 P.3d
12. 594 (2002); *Miller*, 115 Wn. App. at 828 ("For example, where individual claims of class
13. members are small, a class action will usually be deemed superior to other forms of
14. adjudication."). In any event, even were arbitration or proceeding individually using Allstate's
15. current practice more efficient than an equal number of lawsuits, it is *not* more efficient
16. than handling all the disputes in a single class action. AND, in this case, a
17. class action would be more efficient and more fair than either alternative. *See, e.g., In re*
18. *NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 528'30 (S.D.N.Y. 1996).
19. Class certification is just, efficient, and clearly superior to any alternative manner of
20. addressing Allstate's uniform claims practice related to its failure to disclose, adjust for, or pay
21. diminished value.

ORDER GRANTING CLASS CERTIFICATION - P 15/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

13715 4/5/2004 08195

## IV. CONCLUSION AND ORDER

For the forgoing reasons, it is hereby ORDERED as follows:

Plaintiffs' motion for class certification is hereby GRANTED. In addition, this Court certifies the proposed Class, appoints Stephen Laughlin, James Popwell, and Vicki Wiley representatives for the Class, and appoints Plaintiffs' Counsel as Class Counsel.

DONE IN OPEN COURT this 1st day of April, 2004.

JUDGE FREDERICK W. FLEMING

Presented by:

LOWENBERG, LOPEZ & HANSEN, P.S.

STEPHEN M. HANSEN, WSBA# 15642
Of Attorneys for Plaintiffs

FILED
DEPT. 7
IN OPEN COURT

APR - 1 2004

Pierce County Clerk
By _____ DEPUTY

ORDER GRANTING CLASS CERTIFICATION - P 16/16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax