Exhibit "5"

FILED
DEPT. 14
IN OPEN COURT
MAR 26 2014
Pierce County Clerk
By........
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR PIERCE COUNTY

BRAD N. MANSKER,

    Plaintiff,

vs.

FARMERS INSURANCE COMPANY OF WASHINGTON,

    Defendant.

No. 11-2-06668-7

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

The Honorable SUSAN K. SERKO

Hearing Date: March 7, 2014

BEFORE THE COURT IS Plaintiff's Motion for Class Certification which seeks certification of the following class under CR 23(b)(3):

> All Farmers insureds in the State of Washington who (from and after March 25, 2004) were paid under the uninsured/underinsured motorist (UIM) provisions of their Farmers policy or had UIM motorist property damage coverage and were involved in an accident with an underinsured/uninsured motorist or hit-and-run motorist, and who were not compensated for diminished value, where:

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

- 1 -

a. the estimate, including supplements, to repair the vehicle was more than $1,000;

b. the vehicle suffered structural (frame) damage and/or required body or paint work; and

c. the vehicle was less than six years old (model year plus five) and had less than 90,000 miles on it at the time of the accident. The proposed class does not include Defendants or their officers or directors; this Court or any member of the Court's immediate family; or persons whose insured vehicles were leased.

*The Parties' Claims*

The record shows that Plaintiff was in an accident in Tacoma, Washington on February 24, 2007 in which his 2006 Honda Ridgeline sustained irreparable frame, body panel, paint and other damage as determined by the arbitration award dated September 14, 2012. Plaintiff filed a claim under the uninsured motorist provisions of his Farmers automobile insurance policy, and Farmers subsequently paid for repairs to his vehicle.

After his vehicle was repaired, Plaintiff made a claim for the diminished value ("DV") sustained by his vehicle as a result of the accident. Plaintiff sought coverage for the diminished value resulting from the accident damage that persisted even after repair. Farmers Insurance Company of Washington denied this claim for diminished value.

The Washington Supreme Court, in *Moeller v. Farmers Insurance Company of Washington*, 173 Wn.2d 264, 267 P.3d 998 (2011), determined that diminished value is recoverable, stating that "a vehicle suffers 'diminished value' when it sustains physical damage in an accident but due to the nature of the damage, it cannot be fully restored to preloss condition."

The record reveals that there is no express exclusion for diminished value in Farmers' uninsured motorist insurance policies. Plaintiff alleges that despite the lack of any exclusion for

ORDER GRANTING PLAINTIFF'S   - 2 -
MOTION FOR CLASS CERTIFICATION

diminished value in its insurance contract, Farmers' common class-wide practice is not to inform its insureds of a diminished value loss or to provide estimates of damages that include payment for diminished value.

Plaintiff contends that the requirements of Washington Superior Court Civil Rule 23 have been met. Defendants contend, among other arguments, that Plaintiff has failed to meet his burden to show a cohesive class with predominating common issues and a damages model to quantify the diminished value losses of the Class. As discussed below, the Court has carefully considered, and now rejects, each of the Defendant's arguments.

*Class Certification Standard*

The Court's ruling is governed by CR 23. A class action is a specialized proceeding and in general must be brought and maintained in strict conformity with the requirements of CR 23. Class certification should be granted only after rigorous analysis, to ensure the prerequisites of CR 23 have been satisfied. In rendering its decision the Court is not to consider the merits of the Plaintiff's case, or the possibility of eventual success at trial in making a determination of whether a class should be certified. However, the Court may look, and did look, beyond the pleadings and make a preliminary inquiry into the merits of the action so as to obtain an understanding of the claims, defenses, relevant facts, and application of substantive law to determine if class treatment is appropriate. See *State v. Oda*, 111 Wn.App. 79, 44 P.3d 8 (2002).

In reaching its decision and findings the Court thoroughly examined the record developed by the parties. Prior to the hearing on class certification, the Court considered, amongst other submissions: Plaintiff's Motion for Class Certification and Reply; Defendants' Brief in

ORDER GRANTING PLAINTIFF'S        - 3 -
MOTION FOR CLASS CERTIFICATION

Opposition to Plaintiff's Motion; and, the substantial number of exhibits and deposition excerpts offered in support of the parties' briefing.

The parties' comprehensive and complete discussion of the class certification issues, and their efforts to address the Court's questions, allowed the Court an ample opportunity to become familiar with the claims, potential defenses, relevant facts, management of the case as a class action, application of substantive law to the relevant facts, and some of the potential witnesses and their qualifications.

Class certification requires that all four requirements of CR 23(a), numerosity, commonality, typicality, and adequacy be satisfied along with at least one of the three sections of CR 23(b). The party proposing certification bears the burden of proving each element of the certification requirements. Each will be considered in turn.

**CR 23(a) REQUIREMENTS**

*Numerosity*

Based upon the record before it, the Court finds that the numerosity requirement is certainly met because there may be as many as 7,000 class members. Absent certification, joinder is impracticable. The value of each potential plaintiff's claim is sufficiently low to deter many, if not most, of the potential class members from pursuing individual claims. Litigation of multiple separate claims by even a fraction of the plaintiff class members would impose hardship on the litigants and the Court. There can be no serious dispute that the numerosity requirement is satisfied.

*Commonality*

The Court finds that there are issues of law and fact common to the class, including whether each class member's vehicle suffered reduction in value as a result of the vehicle having been in an accident; whether each class member's vehicle could be returned to pre-accident condition; and, whether Farmers' through its business practices engaged in a common and systematic course of conduct designed to avoid acknowledging or paying DV. All members of the proposed class suffer from the same allegedly wrongful conduct by Farmers in the interpretation of the policy language and in its common course of conduct directed at each class member through its uniform corporate claims adjusting policies and practices.

The Court has considered Defendant's argument that the Washington Supreme Court, in *Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264 (2011) would have somehow reached a different conclusion in light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011). The Court declines to accept this argument as *Dukes* was decided no less than 9 months prior to the decision in *Moeller*. Similarly, Judge Arend's decision in *Scammell v. Farmers* was decided in 2009, a year prior to Division II's Moeller decision, which described types of "tangible" damage which cannot be repaired. Here, Plaintiff offered myriad types of evidence showing he can prove, using classwide proof, that vehicles suffered irreparable damage of the type the *Moeller* Courts found warrant recovery of DV loss. For example, Farmers' corporate designees admitted that vehicles suffering the types of damages described in the class definition are tangibly different, (see Exhibits "H" and "I" to Plaintiff's Reply Declaration). Additionally, Judge Finkle's Arbitration Award described the effects of weakened sheet metal (see Award at para's 18 - 23) as described by Dr. Wood in his declaration and deposition. And, Plaintiff's reply exhibits such as

ORDER GRANTING PLAINTIFF'S                - 5 -
MOTION FOR CLASS CERTIFICATION

the "before and after" photographs of the Janhunan vehicle and the Wood deposition excerpts show how secondary damage affects a vehicle post-repair. The previous cases certifying classes on these issues have all included damages requiring frame, paint and body (sheet metal) repairs.[1]

Farmers' attack on Plaintiff's damage model under *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) is also misplaced. Initially, despite Farmers' arguments to the contrary, as recently observed by the most recent case construing the impact of Comcast, that case does not require any different analysis of the issues in this case:

> The Supreme Court emphasized that its decision in Comcast "turns on the straightforward application of class-certification principles." 133 S. Ct. at 1433. Likewise, the dissenters in *Comcast* opined that the majority opinion "breaks no new ground on the standard for certifying a class action under Federal Rule of Civil Procedure 23(b)(3)." 133 S. Ct. at 1436 (Ginsburg and Breyer, JJ., dissenting). Indeed, the dissenters asserted that "[t]he Court's ruling is good for this day and case only," in light of the "oddity" that the plaintiffs "never challenged" the "need to prove damages on a classwide basis through a common methodology," despite the "well nigh universal" recognition in the case law and class action treatises that "individual damages calculations do not preclude class certification under Rule 23(b)(3)." 133 S. Ct. at 1437 (Ginsburg and Breyer, JJ., dissenting).

*Cason-Merenda v. VHS of Michigan, Inc.*, No. 06-15601 (March 7, 2014 E.D.Mich.). Here, Farmers cites several cases, including *Comcast* and *Dukes* to argue that statistical proof should not be permitted to prove classwide damages. But, those cases do not change this Court's analysis. There, the Courts found the proof did not prove "common impact" in anti-trust and discrimination actions, but they did not hold that statistical proof could not prove classwide

---

[1] Indeed, nearly identical classes, based on similar, if not the same, evidence have previously been certified in this state as class actions for litigation and settlement purposes. *See Busani v. USAA*, Pierce County Superior Court Cause No. 99 2 08217 1; *Laughlin v. Allstate et al.*, Pierce County Superior Court Cause No. 02-2-10380-0; *Rose v. Nationwide Insurance et al.*, Pierce County Superior Court Cause No. 02-2-06621-1; *Shin v. Esurance*, United States District Court, Western District of Washington, Case No. 08-CV-05626-RBL; *Martin v. Hartford Insurance Co. et al.*, United States District Court, Western District of Washington, Case No. 08-CV-5651-RJB; and *Moeller v. Farmers Insurance et al.*, Pierce County Superior Court Cause No. 99 2 07850 6.

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION                - 6 -

damages under other circumstances. Here, it is plain that the Siskin model measures the "damages resulting from the particular … injury on which liability in this action is premised," *Comcast*, 133 S. Ct. at 1433. The model tracks the loss of value attributable through a recognized methodology – regression analysis – to the very types of damage described in the class definition and for which Plaintiff offers classwide proof. Despite Farmers assertions to the contrary, the Court finds Dr. Siskin repeatedly testified both in his deposition and the two declarations before this Court that the damages that are quantified in the auction study were from identifiable areas of damage, or DV, and not an intangible taint or stigma.

*Typicality*

Mr. Mansker challenges the way Farmers handles claims for property damage and the alleged fact that Farmers fails to pay diminished value once a car has been in an accident under an uninsured motorist claim. Mr. Mansker's car was in an accident, and it suffered the identical types of damage applicable to all class members' vehicles. He received payment under his uninsured motorist coverage for damages to his 2006 Honda Ridgeline within the class period, and did not receive payment for diminished value. The Court finds that Mr. Mansker's claims are typical.

*Adequacy*

The Court further finds that Mr. Mansker will fairly and adequately protect the interests of the class. Mr. Mansker has no conflicts with their interests. He submitted his claim to a forced arbitration and prevailed. Even though it does not appear to be disputed that Plaintiff's counsel would be adequate, in addition to Mr. Mansker's qualifications, the Court carefully scrutinized Plaintiff's counsel. The Court has independently considered the quality and experience of the

ORDER GRANTING PLAINTIFF'S  
MOTION FOR CLASS CERTIFICATION         - 7 -

proposed class counsel that have appeared before it. Taking into consideration its own experience with Plaintiff's Counsel over the course of the case, including the quality of their briefing and argument on the law and the facts, the Court finds that they are knowledgeable and experienced in this type of litigation.

The elements of CR 23(a) have been satisfied.

### CR 23(b) REQUIREMENTS

Plaintiffs have requested certification under CR 23(b)(3) as to damages[2]. The Court previously granted Farmers' motion for partial summary judgment as to Mr. Mansker's claim for declaratory and injunctive relief.

In determining whether the prerequisites of CR 23(b)(3) are met, this Court is directed to determine whether common questions of fact or law predominate over questions affecting only individual members and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The following factors are pertinent to the Court's consideration of these two important issues: the interest of members of the class in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation already commenced by or against a member of the class; the desirability or undesirability of concentrating litigation in a particular forum; and the difficulty likely to be encountered in management of the proposed class action. After carefully considering each factor the Court finds as follows:

Since this case involves a common course of conduct exhibited by Farmers in adjusting the uninsured motorist claims of the class members, it is particularly appropriate to use the class

---

[2] The Court previously ruled that Mr. Mansker may not pursue his claims for declaratory and injunctive relief when it granted Defendant's motion for partial summary judgment as to those claims. Accordingly, Plaintiff limited his request for certification.

ORDER GRANTING PLAINTIFF'S             - 8 -
MOTION FOR CLASS CERTIFICATION

action procedure. Under nearly identical circumstances, the Division II Court of Appeals in Moeller found predominance where the "class members shared the same insurance policy, potentially suffered damage, and were allegedly harmed by Farmers' course of conduct." *Moeller v. Farmers*, 155 Wn. App. 133, 150, 229 P.3d 857 (2010). Additional predominating questions include whether Farmers breached its contracts in not informing insureds or adjusting claims to include DV, and how the amount of DV is to be determined.

Plaintiffs argue that the best way to present their case (and for the Court to determine whether diminished value can and will be shown for class members) is to use common class-wide evidence. Such evidence includes the testimony of their subject matter experts in auto damage and repair and the damage model developed by their expert, Dr. Siskin, based on information gathered at auto auctions and from Defendant's own files. Moreover, no other potential class members have come forward to advise the Court that they have an interest in pursuing or controlling the prosecution of separate actions on their own behalf. Indeed, Plaintiffs contend that few affected class members are even aware of the availability of diminished value coverage due to the success of Farmers' corporate policy of non-disclosure.

Regarding the second factor, the Court is not aware of any other litigation already commenced by or against a member of the proposed class. Thus, concentrating the litigation in this forum will not impede other actions. Indeed, it will foster uniform adjudication of all claims. As to the third factor, this case is limited to Farmers insureds in the State of Washington during the relevant period with claims within the class definition. The desirability of having this case in Superior Court as opposed to any other forum, including individual arbitration, is readily apparent. Indeed, Plaintiff challenges Farmers' ability to compel arbitration at all, which would

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION        - 9 -

then mean a multitude of individual suits. The class action procedure is the only cost-effective available means to determine this action.

The final factor is the difficulty likely to be encountered in management of the class action as proposed, has been heavily disputed. The Court has regarded the manageability of this case as a significant factor in reaching its decision. Here, the only conceivable method to adjudicate or resolve this case is through a class action, as the de minimis size of individual claims would leave policyholders without practical recourse, absent class treatment, to address the common legal and factual issues.

Plaintiffs have presented the Court with a preliminary plan of how to manage this litigation as a class action. Their plan evidences a keen understanding of the steps necessary to process claims, identify class members, analyze the data on the existence or amount of diminished value, and then provide for notification and allocation of any damages awarded to the class after trial. Plaintiff's counsel have exhibited an understanding of the sources of data, cross checks on that data, supplemental sources of data, and the use of computers to index and manipulate that data. This will expedite the retrieval, sorting, and analysis of pertinent data for both the Plaintiffs and Defendants.

This Court has gained considerable insight into the case and now understands how this case will proceed as a class action, what management it will require, and whether it can be accommodated by this Court. These were vitally important matters for the Court to comprehend in making a determination about whether a class action is a superior manageable way to address this case. This is the central and key issue as far as the Court is concerned: whether the proposed class action is practical, feasible, appropriate, and superior to litigate the concerns of both parties.

Considerations which entered into the Court's decision were articulated above, as well as the economy of time for both the Court and the litigants, economy of expense for all concerned, and whether a class action would promote a uniformity of decisions to accomplish equity and justice for all involved.

After carefully and closely considering all of these factors, my decision is that a class action is a superior means for policyholders to pursue any claims they may have for diminished value against Farmers.

The class members are numerous, with allegedly small claims for diminished value, impractical for other means of fair and uniform resolution. Farmers and its insureds need clarity on this issue, which can only be achieved with efficiency and finality through a class action, with its economy of time, effort, and expense.

The Court therefore certifies the following class:

> All Farmers insureds in the State of Washington who (from and after March 25, 2004) were paid under the uninsured/underinsured motorist (UIM) provisions of their Farmers policy or had UIM motorist property damage coverage and were involved in an accident with an underinsured/uninsured motorist or hit-and-run motorist, and who were not compensated for diminished value, where:
>
> a. the estimate, including supplements, to repair the vehicle was more than $1,000;
>
> b. the vehicle suffered structural (frame) damage and/or required body or paint work; and
>
> c. the vehicle was less than six years old (model year plus five) and had less than 90,000 miles on it at the time of the accident.

BRAD N. MANSKER is appointed as Class Representative and STEPHEN M. HANSEN, of the Law Offices of STEPHEN M. HANSEN, P.S., VAN BUNCH of BONNETT,

ORDER GRANTING PLAINTIFF'S         - 11 -
MOTION FOR CLASS CERTIFICATION

1  FAIRBOURN, FRIEDMAN and BALINT, P.C. and DAVID A. FUTSCHER of FUTSCHER
2  LAW, PLLC, are appointed as Class Counsel.
3
4
5      BASED UPON the above, IT IS SO ORDERED.
       DATED this 26 day of March, 2014.
6
7
8                                                   _____
9                                                   SUSAN K. SERKO
                                                    SUPERIOR COURT JUDGE
10  Presented by:
11
    The Law Offices of STEPHEN M. HANSEN, P.S.
12                                                      FILED
                                                        DEPT. 14
13                                                   IN OPEN COURT
14  _____                         MAR 26 2014
    STEPHEN M. HANSEN, WSBA #15642
15                                                   Pierce County Clerk
    Van Bunch                                        By............
16  BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC           DEPUTY
    2325 East Camelback Rd., Ste. 300
17  Phoenix, AZ 85016
    (602) 274-1100
18
19  David A. Futscher
    FUTSCHER LAW, PLLC
20  913 N. Oak Drive
    Villa Hills KY 41017
21  (859) 912-2394
22
    Attorneys for Plaintiff
23
24
25  CC: Stephen Hansen  ) Mailed 3/26/14
        G. Evan Phillips )
26

ORDER GRANTING PLAINTIFF'S         - 12 -
MOTION FOR CLASS CERTIFICATION