THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFF BUTLER and BRYCE MEYER, individually and as the representatives of all persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, foreign insurers,<br><br>    Defendants. | No. 3:14-cv-05305 RBL<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING<br><br>NOTED ON MOTION CALENDAR:<br><u>July 17, 2015</u> |

    Plaintiff asks this Court to consider the Defendants' request for an evidentiary hearing as an "unnecessary delay and inconvenience" based upon a claim that:

> the issues before this Court have been exhaustively considered by other courts – *all of which have reached the same conclusion.*[1]

---

[1] Plaintiff's Opposition to Motion for Evidentiary Hearing ("Pl's Opp") July 7, 2015 at 1, 2. Dkt. # 57. Emphasis supplied. Plaintiff fails to mention the holding excluding plaintiff's DV expert in *Fosmire v. Progressive Max Insurance Company*, 277 F.R.D. 625 (W.D. Wash., Oct. 11, 2011) discussed below; *see also Franklin v. Government Employees Ins. Co.*, 2011 WL 5166458 at 5 (W.D. Wash., Oct. 31, 2011) (excluding plaintiff's expert's testimony based upon a regression analysis purporting to determine diminished value damages).

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING    Page 1

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

In *Fosmire v. Progressive Max Insurance Company*, 277 F.R.D. 625 (W.D. Wash., Oct. 11, 2011),[2] Judge Robart denied certification of the proposed DV class. He also excluded the plaintiff's proffer of expert testimony regarding DV damages based upon a regression analysis purportedly based on the same data offered by Plaintiff's expert in this case. Judge Robart acknowledged there were different views on the extent of a *Daubert* hearing at the class certification stage,[3] but he concluded it was unnecessary to reach that issue because "even under the more relaxed approach, [plaintiff's expert's] report [did] not pass scrutiny."[4]

At the time the *Fosmire* opinion was written, Dr. Siskin's data was merely ten years old. The plaintiff's expert admitted that "the [Siskin] data forms ha[d] been destroyed and cannot be compared to the current data."[5] Judge Robart's concerns were not limited to the collection of data, but went to the data itself. He concluded that the data was "not representative of the [Progressive-insured] vehicles in the class [plaintiff] seeks to certify."[6] That same data (now, 14-15 years old) is being offered again in support of Plaintiff's motion to certify.

As the party seeking class certification, Plaintiff has the burden of affirmatively demonstrating that the proposed class meets the requirements of Rule 23.[7] Yet Plaintiff asks this Court to view its role as a gatekeeper as requiring only a "'tentative,' 'preliminary' and

///

---

[2] Quoted in Pl's Opp at 2-3.

[3] See *Dukes v. Wal-Mart Stores, Inc. ("Dukes II")*, 603 F.3d 571, 603, n. 22 (9th Cir. 2010).

[4] *Fosmire*, 277 F.R.D. at 629.

[5] 277 F.R.D. at 629-30.

[6] *Id*. at 629, n. 6, 630.

[7] See *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING — Page 2

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

'limited'" inquiry.[8]  The controlling case law states that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'"[9]  This rigorous analysis is deemed necessary because improvidently granting certification of a class may so significantly increase the risks of litigation that a defendant may be unfairly forced to abandon a meritorious defense.[10]

"[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class . . . a district court *must* consider the merits if they overlap with Rule 32(a) requirements."[11]  "To that end, the district court 'should make whatever factual and legal inquiries are necessary under Rule 23,'" including extrinsic evidence submitted by parties.[12]  "'[I]f a court is not fully satisfied that the requirements of Rules 23(a) and (b) have been met, certification should be refused.'"[13]

Plaintiff urges this Court to "test whether Dr. Siskin's testimony is both relevant and reliable based solely on the written record developed at this stage of the proceedings."[14]

---

[8] Pl's Opp at 4.

[9] *Dukes*, 564 U.S. ---, 131 S. Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (vacating certification of a class originally made after a "detailed briefing and hearing"); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 974 (9th Cir. 2011) (vacating certification of a class where the trial court failed to conduct a rigorous analysis required by Rule 23 to determine if there was commonality, and the court failed to consider the effect that defenses unique to the named plaintiffs' claims had on that question).

[10] See *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 476, 98 S. Ct. 2458, 57 L.Ed.2d 351 (1978).

[11] *Ellis*, 657 F.3d at 981.  Emphasis in original.

[12] *Taylor v. Universal Auto Grp. I, Inc.*, 2014 WL 6654270 at 9 (W.D. Wash., Nov. 24, 2014) (citations omitted); *Comcast Corp. v. Behrend*, --- U.S. ---, 133 S. Ct. 1426, 1433, 1434, 185 L.Ed.2d 515 (2013) (vacating certification ruling made after an evidentiary hearing where plaintiff's expert's regression model found to fall "short of establishing that damages are capable of measurement on a classwide basis.")

[13] *Taylor v. Universal Auto Grp. I, Inc.*, 2014 WL 6654270 at 8.

[14] Pl's Opp at 4.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING          Page 3

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

Under *Daubert* and its progeny, [15] a district court has discretion in how it determines whether an expert's testimony is admissible, how to determine the testimony's reliability,[16] and the appropriate form of the inquiry.[17]  This Court is not required to hold an evidentiary hearing.[18]  However, while *Daubert* hearings are not required, they are commonly used.[19]   Defendants believe an evidentiary hearing would be helpful here, where Plaintiff asks for certification of a class based upon an assertion that "American Family's conduct has been uniform throughout the Class Period, and it has impacted all members of the proposed Class in a common and similar manner as to how it affected [the named] Plaintiffs."[20]  Plaintiff also promised that liability would be established through common evidence of American Family's

> uniform policy forms and uniform state wide diminished value avoidance policies.  Damages can be calculated through the use of regression analyses *without the need for individualized inquiries* to determine Class Members' entitlement to relief or the amount of relief.[21]

Plaintiff does not provide an accurate description of the evidence regarding the way American Family addresses a claim for diminished value.  This Court would benefit by

---

[15] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993); *Daubert v. Merrell Dow Pharmaceuticals ("Daubert II")*, 43 F.3d 1311, 1316 (9th Cir. 1995).

[16] See *Kumho Tire*, 526 U.S. at 152.

[17] See *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).

[18] See *Kumho Tire Co.,* 526 U.S. at 147.

[19] *Estate of Barabin,* 740 F.3d at 463-64; *e.g.*, *Perez v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3777162 at 2 (N.D. Cal. Aug. 29, 2012) (denial of certification of a class in a non-OEM parts dispute and exclusion of plaintiff's expert after an evidentiary hearing).

[20] Declaration of John A. Bennett in Opposition to Plaintiff's Motion for Class Certification ("Bennett Dec"), February 27, 2015, Exhibit 2 at 6:15-7:1.

[21] Plaintiff's Motion for Class Certification ("Pl's Mot"), December 15, 2014 at 21. Emphasis supplied.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING — Page 4

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

hearing testimony describing the claim-by-claim analysis used by American Family for DV claims. Such testimony would also help the court determine if any common issues of fact or law are presented by the claims handling causes of action Plaintiff seeks to certify as a class.

Plaintiff asked this Court to certify a class based upon a claim that the Defendants' adjustment of diminished value (DV) claims during the class period was based upon a "computerized formula" known as "Autosource," which Plaintiff portrayed as "an automated and computerized diminished value program."[22] When presented with irrefutable evidence in discovery, Plaintiff now admits that Autosource was not used at all until 2010.[23] Yet Plaintiff insists the class that he originally defined (based upon the premise that the Autosource program was uniformly used and determined DV payments throughout the class period) should be certified based upon an assertion that

> *[t]he common issue is not how AmFam chose to underpay*, but the lack of disclosure, efforts to avoid paying, and then making an inadequate payment.[24]

Re-casting the proposed class as simply a group of claimants who allege they collectively received less in DV damages in separate adjustments than the gross amount yielded by Dr. Siskin's formula does not meet the requirements of Rule 23.[25] If presented with a claim for diminished value loss under the UIM PD coverage, American Family

---

[22] *Id*. at 6.

[23] Plaintiff's Reply ISO Motion for Class Certification at 1:28. "Practices that do not apply during the entire class period across the class cannot provide a common question tying the class together." *Dukes v. Wal-Mart Stores*, 964 F. Supp. 2d 1115, 1126 (N.D. Cal. 2013); see also *Fosmire, supra,* 277 F.R.D. at 636 (rejecting plaintiff's request that the court correct problems with the definition of the scope of the proposed class); see also *Franklin v. Government Employees Ins. Co.*, *supra*, 2011 WL 5166458 at 8.

[24] Pl's Reply ISO Motion for Class Certification at 6:12-17. Emphasis supplied. A plaintiff must 'pose a question that will produce a common answer' as to the source of the class members' injuries." See *Ellis v. Costco Wholesale Corp*, 657 F.3d 970, 981 (9th Cir. 2011).

[25] "If there is no evidence that the entire class was subject to the same allegedly [wrongful] practice, there is no question common to the class." *Id*. at 983.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION   Page 5
FOR AN EVIDENTIARY HEARING

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

Mutual's practice was and is to pay substantiated diminished value claims.[26] Witnesses will testify that adjusting property damage claims is a series of individual judgment calls. American Family Mutual adjusters sought to gather a wide variety of information, employed different methods, and exercised the adjuster's experience and discretion when assessing diminished value losses during the class period.  An evidentiary hearing with live witness testimony would allow this Court to resolve the parties' disparate depictions of how American Family Mutual actually adjusted DV claims during the class period.

Plaintiff Meyer says this case "boil[s] down to" whether American Family Mutual wrongfully (1) failed to disclose coverage for DV claims, (2) demanded voluminous information it does not need to adjust DV claims, and (3) "starting in 2010, offer[ed] to pay DV based upon a computer program ('Autosource') which produces valuations *which have no basis in fact* . . . and are well below actual market value losses AmFam insureds suffer."[27] An evidentiary hearing will assist this Court in determining whether Dr. Siskin's regression formula is reliable or even relevant to any of these "common questions."[28]  If, as Plaintiff Meyer claims, the decision whether to grant an evidentiary hearing at the class certification stage turns on whether the plaintiff's expert "presented scientifically reliable evidence tending to show that a common question of fact . . . exists with respect *to all members of the class*," this Court should grant the defendants' request for an evidentiary hearing.

DATED:  July 17, 2015

                                          BULLIVANT HOUSER BAILEY PC
                                          By  */s/ John A. Bennett*
                                             John A. Bennett, WSBA #33214
                                             Attorneys for Defendants

---

[26] *See* Bennett Dec, Exhibit 3 at 14:5-24.

[27] Plaintiff's Reply ISO Motion for Class Certification at 1:21-28.  Emphasis in original.

[28] Dr. Siskin is not a claims handling expert.  He has no property damage or auto appraisal or UIM adjusting experience.  He did not review the depositions of the American Family claims representatives who handled DV claims, and he does not critique the Autosource program.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING — Page 6

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING was electronically served upon:

| | | |
|---|---|---|
| Stephen M. Hansen<br>Law Offices of Stephen M. Hansen, P.S.<br>1821 Dock St., Ste. 103<br>Tacoma, WA  98402 | ☒ | via ECF filing<br>steve@stephenmhansenlaw.com |
| Debra Brewer Hayes<br>The Hayes Law Firm<br>700 Rockmead, Ste. 210<br>Kingwood, TX  77339 | ☒ | via ECF filing<br>dhayes@dhayeslaw.com |
| Scott P. Nealey<br>Law Office of Scott P. Nealey<br>71 Stevenson St., Ste. 400<br>San Francisco CA  94105 | ☒ | via ECF filing<br>snealey@nealeylaw.com |

I so declare under penalty of perjury under the laws of the United States on this 17th day of July, 2015, at Portland, Oregon.

　　　　　　　　　　　　　　　　　　*s/ John A. Bennett*
　　　　　　　　　　　　　　　　　　John A. Bennett, WSBA #33214

CERTIFICATE OF SERVICE — Page 1

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351