The Honorable RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFF BUTLER & BRYCE MEYER, individually and as the representatives of all persons similarly situated,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, foreign insurers,

Defendants.

No.: 3:14-cv-05305 RBL

PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING

Noting Date: July 17, 2015

COMES NOW BRYCE MEYER, through his counsel of record, and pursuant to LCR 7(g) submits the following sur-reply to address the citation by AmFam of two cases, *Fosmire v. Progressive Max Ins. Co.*, 3:10-cv-05291-JLR, Dkt #108 (W.D. Wa 10/11/11) and *Franklin v. GEICO*, 3:10-cv-05183-BHS, Dkt # 74 (W.D. Wa 10/31/11), which were cited for the first time in AmFam's Reply submission.

In its reply, AmFam implies that *Fosmire* and *Franklin* rejected Dr. Siskin's opinions. Even if this assertion was correct (which it is not), given that neither case required some unspecified live testimony (or bringing of Dr. Siskin to testify, which AmFam now appears to suggest is necessary), neither supports the current motion.

*Fosmire* and *Franklin*, like those cases which actually involved Dr. Siskin, were decided based upon argument, not live testimony. More importantly, AmFam's implication

PLAINTIFF'S SUR-REPLY - 1

Law Offices of
STEPHEN M. HANSEN, PS
1821 Dock Street, Unit #103
Tacoma, WA 98402
253 302 5955

in citing these cases – that they rejected Dr. Siskin's testimony - is not factually correct.

First, both *Fosmire* and *Franklin* were decided before the Supreme Court of Washington decided *Moeller III*, and were without the guidance of that Court, which found Dr. Siskin's opinions supported Class Certification.  See *Moeller v. Farmers Ins. Co. of Wa*, 173 Wn.2d 264, 279-280, 267 P.3d 998 (2011) (*Moeller III*).

Second, Dr. Siskin was *not* the expert in either *Fosmire* or *Franklin.* In both, Dr. Nayak Polissar was the proposed expert, and the issue before the Court was very different. As the *Fosmire* Court noted:

> Dr. Polissar's expert report is deficient in several ways. First, although his opinions are based on Dr. Siskin's data and methodology, there is nothing in the record to indicate that Dr. Polissar has tested Dr. Siskin's underlying data to ensure its reliability or that Dr. Polissar even has access to Dr. Siskin's underlying data. (See Donohue Decl. (Dkt. # 88) Ex. A ("Polissar Dep.") at 161:12-20; Polissar Decl. (Dkt. # 96) ¶ 39 ("Defendant notes that the [Siskin] data collection forms have been destroyed and cannot be compared to the current data. That is true.").) [fn omitted] In fact, although Ms. Fosmire asserts that Dr. Polissar intends to carry out his own analysis of the data (see Resp. to Mot. to Exclude (Dkt. # 94) at 9; Polissar Decl. at ¶ 6), there is no evidence that he has done so to date. [fn omitted] In response to these criticisms, Dr. Polissar asserts that Dr. Siskin's dataset has been accepted in other cases. (Polissar Decl. at ¶¶ 2, 27.) This fact, however, is of no import here where Dr. Siskin apparently will not be available to testify at trial or available for cross-examination.  … The rules do not permit an expert to rely upon opinions developed by another expert for purposes of litigation without independent verification of the underlying expert's work.

*Fosmire*, slip op. at 8-9.  Moreover, as the *Fosmire* Court found, Dr. Polissar had done none of the work that would be necessary to render opinions in the case. *Id*. at 9-10.

*Franklin* is even further afield.  There, the court found that under *Moeller v. Farmers,* a party was entitled "only to damages related to residual physical harm such as weakened metal, unrepaired dents, bends or stress to the vehicle's structure" *Franklin*, Slip Op. at 8, and that this was not what Polissar had attempted to measure.  Of course, this did not

PLAINTIFF'S SUR-REPLY - 1

Law Offices of
STEPHEN M. HANSEN, PS
1821 Dock Street, Unit #103
Tacoma, WA 98402
253 302 5955

address Dr. Siskin at all, nor is it an argument that AmFam has attempted to make.  This is likely because numerous courts have rejected it in light of the Supreme Court of Washington's Opinion in *Moeller*.  Further, (and unfortunately), the *Franklin* court's reasoning was based upon language which is not found in either *Moeller* Court's opinion, and in fact had been removed by the Court of Appeals from its opinion. Compare *Franklin*, slip op. at 6, 8 with *Moeller v. Farmers Ins. Co. of Wa*, 155 Wn.App. 133, 142 (2010) and *Moeller III*, 173 Wn.2d at 271 ("A vehicle suffers 'diminished value' when it sustains physical damage in an accident, but due to the nature of the damage, it cannot be fully restored to its preloss condition. Weakened metal that cannot be repaired is one such example.  In contrast, 'stigma damages' occur when the vehicle has been fully restored to its preloss condition, but it carries an intangible taint due to its having been involved in an accident").

Plaintiff notes that much of the rest of AmFam's reply attempts to re-argue points it attempted to make in its opposition to Class Certification.  Obviously, Plaintiff does not agree with the new arguments AmFam makes in its reply, but Plaintiff will confine himself, as he believes, to the rules of sur-replies, to discussing only the newly cited *Fosmire* and *Franklin* cases above.

RESPECTFULLY SUBMITTED this 24th day of July, 2015.

Law Offices of STEPHEN M. HANSEN, P.S.

_____
STEPHEN M. HANSEN, WSBA #15642
Of Attorneys for Plaintiff

DEBRA BREWER HAYES
(admitted pro hac vice)

PLAINTIFF'S SUR-REPLY - 1

THE HAYES LAW FIRM, PC
700 Rockmead, Suite 210
Kingwood, TX 77339
Telephone: (281-815-4963)
Facsimile: (832) 575-4759
dhayes@dhayeslaw.com

SCOTT P. NEALEY
(admitted pro hac vice)
Law Office of Scott P. Nealey
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 231 5311
Facsimile: (415) 231 5313
Cellular: (415) 640 4806
snealey@nealeylaw.com

CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the 24th day of July, 2015, I electronically filed the above and foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

| | |
|---|---|
| John A. Bennett | Daniel R. Bentson |
| Attorney at Law | Attorney at Law |
| 888 SW Fifth Ave, Ste 300 | 1700 Seventh Ave, Ste 1810 |
| Portland OR 97204 | Seattle  WA 98101 |
| john.bennett@bullivant.com | dan.bentson@bullivant.com |

DATED this 24th day of July, 2015, at Tacoma, Washington.

_____
SARA B. WALKER, Legal Assistant

PLAINTIFF'S SUR-REPLY - 1

1096255/21504806v.1

**Law Offices of
STEPHEN M. HANSEN, PS
1821 Dock Street, Unit #103
Tacoma, WA 98402
253 302 5955**