HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYCE MEYER,<br><br>        Plainiff,<br><br>   v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,<br><br>        Defendants. | CASE NO. 3:14-CV-05305-RBL<br><br>ORDER GRANTING CLASS CERTIFICATION<br><br>[Dkt. No. 33] |

THIS MATTER comes before the Court on Meyer's Motion for Class Certification [Dkt. No. 33]. Plaintiff Bryce Meyer seeks designation as representative and certification of a Washington class of insureds falling within American Family Mutual's (AmFam's) underinsured motorist coverage for property damage (UIM PD). AmFam counters that Meyer has failed to satisfy the requirements of Federal Rule of Civil Procedure 23.

## I.     BACKGROUND

Meyer, who held an auto-insurance policy issued by AmFam, alleges AmFam fails to disclose the availability of diminished value compensation to its insureds, and if pressed to pay this benefit, fails to do so fairly and adequately. Diminished value occurs when relatively new

vehicles suffer accident damage requiring paint, body, and/or frame or structural repair that prevents restoration of the vehicle to its pre-loss condition, thereby reducing the vehicle's fair market value. Meyer argues AmFam failed to disclose this benefit to him and then failed to fairly compensate him.

Based on these facts, Meyer seeks to certify the following class:

> All American Family insureds with Washington policies issued in Washington State, where the insured's vehicle damages were covered under the UIM PD coverage, and (1) the repair estimates on the vehicle (including any supplements) totaled at least $1,000; (2) the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and (3) the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, (b) the assigned judge, the judge's staff and family, and (c) accidents occurring before March 6, 2008.

*Id*.

## II.   DISCUSSION

Federal Rule of Civil Procedure 23 governs class certification. To maintain a lawsuit as a class action, each of the four prerequisites of Rule 23(a) and one of the three requirements of Rule 23(b) must be satisfied. Fed. R. Civ. P. 23(a), (b). Meyer seeks certification under Rule 23(b)(3), so therefore bears the burden of demonstrating that his proposed class meets the requirements of Rules 23(a) and (b)(3). *See Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001).

First, Rule 23(a) provides that the party seeking certification must demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

The Court may certify a class only if it is "satisfied, after a rigorous analysis," that the party seeking certification has fulfilled these four prerequisites; however, within this framework, the Court has broad discretion to reach such a conclusion. *See General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Zinser*, 253 F.3d at 1186.

Second, the party seeking certification must satisfy the two conditions Rule 23(b) propounds. The party must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court considers the class members' interests in pursuing individual cases, the extent and nature of any pre-existing litigation, the desirability of concentrating the litigation in the particular forum, and the likely difficulties in managing the class action. *Id*.

As set forth below, Meyer has satisfied his burden of demonstrating satisfaction of Rules 23(a) and (b)(3).

**A.  Satisfaction of the Rule 23(a) Prerequisites**

Under Rule 23(a), a class member may sue as a representative party on behalf of all members so long as the prerequisites of numerosity, commonality, typicality, and adequacy of representation exist. Each is satisfied here.

Rule 23(a)(1) requires the class to be so numerous that complete joinder of individual class members would be impracticable. AmFam concedes satisfaction of this requirement "based

upon the numbers of UIM PD claims made in the State of Washington under AmFam's policies during the proposed class period." Def.'s Resp. in Opp., Dkt. No. 40.

  Rule 23(a)(2) requires class members to have questions of law or fact in common. Not every question of law or fact needs to be common, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)—as individual issues of fact will invariably exist—but, class members must share a common contention capable of class-wide resolution, meaning the truth or falsity of that contention "will resolve an issue … central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 U.S. 2541, 2551, 180 L. Ed. 2d 374 (2011). Meyer sets forth three common questions: whether AmFam violated Washington Administrative Code 284-30-350(1) by failing to disclose the availability of a diminished value benefit to its insured, whether AmFam's procedure for responding to a diminished value claim is appropriate, and whether diminished value compensation—when given—is adequate. The answers to these questions will uniformly resolve the class members' claims.

  Rule 23(a)(3) requires the class representative to have claims typical of the class. A representative's claims are typical "if they are reasonably co-extensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. Defendant's argument that Meyer is an atypical representative because he knew to request payment for his vehicle's diminished value despite AmFam's alleged failure to disclose this benefit misses the mark. Indeed, Meyer's legal theory that AmFam fails both to inform their insureds of their right to receive diminished value compensation and to fairly and adequate compensate those who request this benefit, mirrors the absent class members' claims.

  Rule 23(a)(4) requires that a class member who can fairly and adequately protect the class members' interests serve as representative. Concomitantly, the party's attorney must be

qualified and experienced; therefore, the Court must consider whether the named plaintiff and his counsel have any conflict of interest with other class members and whether the named plaintiff and his counsel will prosecute the action vigorously on the class's behalf. *See Hanlon*, 150 F.3d at 1020 (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978)). Meyer seeks the same relief as the other class members—adequate compensation for his diminished value claim—and his counsel has experience using the class action mechanism to prosecute diminished value claims.

Thus, Meyer has satisfied the Rule 23(a) prerequisites to class certification.

**B.  Satisfaction of the Rule 23(b)(3) Requirements**

After satisfaction of Rule 23(a), class certification is proper under Rule 23(b)(3) so long as the party seeking certification meets two additional requirements. First, "questions of law or fact common to the class members [must] predominate over any questions affecting only individual members," and second, class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, both requirements are met.

First, the predominance inquiry "focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022. Individual damage questions will not necessarily preclude class certification when the issue of liability is common to class members. *See In re NCAA I-A Walk-On Football Players Litig.*, No. C04-1254C, 2006 WL 1207915, at *9 (W.D. Wash. May 3, 2006).

In order to prevail on their claims, the class would need to prove that (1) the members' vehicles suffer diminished value, (2) AmFam failed to inform the members of their right to receive compensation for this diminished value, (3) AmFam's process for assessing and paying

this compensation is unfair, and (4) the compensation the members received, if any, was inadequate. These common issues predominate over any individualized damage disputes, as certification will not impede AmFam's ability to defend against individual claims. *See, e.g., Moeller v. Farmers Ins. Co. of Wa.*, 173 Wn.2d 264, 280, 267 P.3d 988 (2011) (explaining class certification would not prevent the insurance company from defending against claims by individuals who lacked diminished value damages).

Second, the superiority inquiry "involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023. The alternative method of resolution available here is adjudication of individual claims for a small amount of damages, which would present a hardship to the class members. Given the desirability of concentrating these identical claims, class action is the superior method of adjudication.

### III.   CONCLUSION

Meyer has fulfilled the requirements of Rules 23(a) and (b)(3). Accordingly, the Court GRANTS Meyer's Motion for Class Certification, Dkt. No. 33, certifying the above-referenced class and appointing Mr. Meyer as class representative and the counsel on record as class counsel.

IT IS SO ORDERED.

Dated this 2nd day of September, 2015.

Ronald B. Leighton
United States District Judge