The Honorable RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYCE MEYER, individually and as the representative of all persons similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, foreign insurers;<br><br>Defendants. | No.: 3:14-cv-05305 RBL<br><br>FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS OF CLASS MEMBERS WITH PREJUDICE |

THIS MATTER comes before this Court on June 3, 2016. The Court having considered the Stipulation of Settlement, comments received regarding the Settlement, the record in the above-captioned action (the "Action"), the evidence presented and the arguments and authorities presented by counsel, and for good cause appearing; NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

FINAL JUDGMENT & ORDER
APPROVING SETTLEMENT - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1. The Court, for purposes of this Final Judgment and Order Approving Settlement and Dismissing Claims of Class Members with Prejudice ("Final Judgment") adopts the capitalized terms and their definitions set forth in the Stipulation of Settlement. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the Class Members and Defendants.

2. The notice to the Class of the pendency of the Action and of this Settlement, via mailed notice as provided by the Stipulation of Settlement and by this Court's Order of Preliminary Approval, dated February 26, 2016, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully complied with the requirements of due process and of all applicable statutes and laws.

3. The terms contained within the Stipulation of Settlement are in all respects fair, reasonable, adequate, just, and in compliance with the Federal Rules of Civil Procedure, Washington law and the Washington and United States Constitutions (including the Due Process Clause), and all other applicable laws, and in the best interests of the Parties and the Class. Accordingly, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Stipulation of Settlement.

## RELIEF TO THE CLASS

4. Defendants shall provide relief to the Class in the form and in the manner specified in the Stipulation of Settlement.

## APPLICABILITY

5. The provisions of this Final Judgment are applicable to and binding upon and inure to the benefit of each party to the Action (including each Class Member). To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be res judicata and to prohibit, enjoin and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or

FINAL JUDGMENT & ORDER
APPROVING SETTLEMENT - 2

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

otherwise on behalf of the Plaintiffs or any Class Member, with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses arising out of or relating to the Released Claims, as defined in the Stipulation of Settlement.

6. All persons who are included within the definition of the Class, with the exception of Rolf Johannessen and Loretta Johannessen, who elected to be excluded from this settlement, are bound by this Final Judgment and by this Stipulation of Settlement and are conclusively deemed to have fully, finally and forever settled and released all Released Claims, as defined in the Stipulation of Settlement, against the Released Persons.

## ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE FEE

7. The Court awards Class Counsel the amount of $718,296.00 in fees and $116,000.00 in costs, subject to terms set forth in the Stipulation of Settlement, as attorneys' fees and costs.

8. Defendants shall pay any attorneys' fees and costs awarded by the Court to Class Counsel as follows: twenty-five percent (25%) of seventy-five percent (75%) of the award shall be paid within ten (10) days of the entry of the Final Approval Order and Judgment, and seventy-five percent (75%) of seventy-five percent (75%) of the award shall be paid within ten (10) business days after the Effective Date of the Settlement. If there is no appeal, the remaining 25% of the award shall be paid within ten (1 0) business days after the Effective Date of the Settlement.

9. Such payments shall be made by a wire transfer payable to The Law Offices of Stephen M. Hansen, P.S., delivered pursuant to the wiring instructions to be provided by Mr. Hansen unless other delivery instructions are provided to Defendant's counsel in writing by Mr. Hansen. The Court approves Class representative incentive awards in the amount of $7,500.00

FINAL JUDGMENT & ORDER
APPROVING SETTLEMENT - 3

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1  dollars to the Class Representative to be paid by separate check to the named Class

2  Representative and delivered to Mr. Hansen's office. The Court finds these fees, expenses, and

3  incentive awards to be reasonable and fair under the circumstances of this case.

4      GENERAL PROVISIONS

5      10. The Effective Date of the settlement is the date described in the Definitions of the

6  Stipulation, and shall have the meaning ascribed to that term, set forth in the Stipulation of

7  Settlement.

8      11. The provisions of this Final Judgment are entered as a result of an agreement and

9  stipulation of the parties. The parties' Stipulation of Settlement and this Final Judgment are not

10 intended to be, and shall not be construed as, any admission, express or implied, of any fault,

11 liability or wrongdoing by Defendants.

12     12. With respect to any person seeking to litigate with Defendants over any of the

13 Released Claims or to represent any form of opt-out class from this Settlement, Class Counsel

14 has stipulated, and the Court agrees, that any representation, encouragement, solicitation or other

15 assistance, including but not limited to referral to other counsel, of or to any Opt Out or any other

16 person seeking to litigate with Defendants over any of the Released Claims, could place Class

17 Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their

18 respective firms are henceforth prohibited (only to the extent that it is otherwise not in violation

19 of any applicable professional rules) from representing, encouraging, soliciting or otherwise

20 assisting, in any way whatsoever (including but not limited to referrals to other counsel) any Opt

21 Out, except that suggesting to any such person the option of obtaining separate counsel, without

22 specifically identifying options for such counsel, shall be permitted under the terms of this

23 provision. Additionally, Class Counsel and their respective firms are henceforth prohibited (only

24 to the extent that it is otherwise not in violation of any applicable professional rules) from

25

26 FINAL JUDGMENT & ORDER
27 <u>APPROVING SETTLEMENT</u> - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

28

1  representing, encouraging, soliciting or otherwise assisting in any way whatsoever any person
2  seeking to represent any form of opt-out class from this Settlement or any other person in any
3  subsequent litigation that person may enter into with Defendants regarding the Released Claims
4  or any related claims, except that suggesting to any such person the option of obtaining separate
5  counsel, without specifically identifying options for such counsel, shall be permitted under the
6  terms of this provision.

7  13. As of the Effective Date, by operation of the entry of the Final Judgment, each Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims (including Unknown Claims) that the Class Members may have against the Released Persons, all as defined in the Stipulation of Settlement.

14. Jurisdiction is retained by this Court for the specific purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Final Judgment, for enforcement of compliance herewith, and the punishment of violations hereof, any suit, action, proceeding or dispute arising out of or relating to the Stipulation of Settlement and this Final Judgment. All of the claims in this Action shall be and hereby are DISMISSED with prejudice and without leave to amend.

DATED THIS 3rd day of June, 2016.

*Ronald B. Leighton* (signature)

Ronald B. Leighton
United States District Judge

FINAL JUDGMENT & ORDER
APPROVING SETTLEMENT - 5

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

Presented By:

The Law Offices of STEPHEN M. HANSEN, P.S.


/s/ *Stephen M. Hansen*

STEPHEN M. HANSEN, WSBA # 15642
Of Attorneys for Plaintiff

Approved for Entry:

BULLIVANT HOUSER BAILEY, PC

/s/ *John A. Bennett*
_____
John A. Bennett, WSBA #33214
Of Attorneys of Defendants

FINAL JUDGMENT & ORDER
APPROVING SETTLEMENT - 6

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax